SPENCER BARTLETT, Administrator, *vs.* ERASTUS COWLES.

A purchaser from a female infant, with the concurrence and sanction of her husband, of trees growing on her land, for their full value, which is paid through him to her, and who has not been repaid or tendered the price, but has cut and sold the trees without notice of any disaffirmance of the sale, is not liable in tort for their value.

ACTION OF TORT by the administrator of the estate of Elizabeth Hawkins, a married woman, who died under age, for the cutting and conversion of trees and lumber which grew upon her land.

In the court of common pleas in Hampshire, the parties waived trial by jury, and tried the case before *Briggs*, J., who found the following facts: The intestate was born in October 1839, married in the summer of 1856, and died in the summer of 1858. The defendant and Israel Billings bargained with her for eight pine trees standing on her land for twenty five dollars, which was their full value, and paid the money to her through her husband, who was present when the contract was made. The defendant and Billings afterwards cut the trees, hauled them from the land, and sawed them into planks, which they sold. The defendant bought from Billings other lumber, worth about sixty dollars, which was cut and taken from the same land. There was no evidence that the intestate in her lifetime, or the plaintiff since her death, returned or offered to return the consideration paid for the trees or lumber, or any part thereof. The judge ruled that without such return, or offer to return, the action could not be maintained, and found for the defendant. The plaintiff alleged exceptions, which were argued at September term 1859 at Northampton.

*S. T. Spaulding*, for the plaintiff.

*W. Allen, Jr.*, for the defendant.

METCALF, J. If we regard the plaintiff's intestate merely as an infant, and not also a feme covert, he can disaffirm her executed contract for the sale of the eight trees mentioned in the bill of exceptions, and recover the value of them, (if he can do

it at all,) only on the same terms upon which she could have done it, namely, by restoring the money which she received for them. He must therefore fail in this action. *Badger* v. *Phinney*, 15 Mass. 363. *Boody* v. *McKenney*, 23 Maine, 525. *Carr* v. *Clough*, 6 Foster, 280. *Bartholomew* v. *Finnemore*, 17 Barb. 430. *Bailey* v. *Barnberger*, 11 B. Monr. 115. Reeve Dom. Rel. 244. 1 Parsons on Con. bk. 1, *c.* 16, § 5. 2 Kent Com. (6th ed.) 240, and cases there cited.

As to the lumber mentioned in the exceptions, the report of the evidence is defective; but the counsel for the plaintiff, in his argument and statement, put the lumber on the same ground, in all respects, as the eight trees.

The case would end here, were it not for the intestate's coverture, in addition to her infancy. Regarding her as a feme covert, under the common law disabilities of that relation, her contracts for the sale of the eight trees, and the others from which the lumber was made, would have been void, and not, like an infant's, voidable only. But we are of opinion that the husband of an infant succeeds to the place of her guardian — all other guardianship of her, as a minor, being, by the Rev. Sts. *c.* 79, § 23, terminated by her marriage - - and that a sale of trees on land held by her in fee simple, with his concurrence and sanction, for a fair price paid into her hands, is a valid transaction, and gives to the purchaser a right to take the trees, and a perfect title to them when taken. See Reeve Dom. Rel. 327, 328. By the common law, the husband acquires, on the marriage, a freehold estate in his wife's lands, and a right to regulate the cultivation of them, and to take the rents and profits. His liability for waste need not now be considered. See *Babb* v. *Perley*, 1 Greenl. 6. There is no suggestion that the sales of the trees, in the present case, were acts of bad husbandry, injurious to the inheritance.

This last view of the case assumes that the intestate's condition was that of a feme covert at common law.

Whether, under *Sts.* 1855, *c.* 304, and 1857, *c.* 249, passed " to protect the property of married women," an infant f' covert has the same rights and powers as if she were an

and the sale of the trees by the plaintiff's intestate therefore valid, without any other support, is a question on which it is not necessary to express an opinion. *Exceptions overruled.*