BARTHOLOMEW, by his next friend, *vs.* FINNEMORE.

An infant purchased a horse of the defendant, and paid for him in property, which he delivered to the defendant. He kept the horse about one month, during which time, in consequence of misuse by the infant, the value of the horse was greatly lessened, and then tendered him back to the defendant and demanded the property he had delivered to the latter. *Held*, he could not recover for the property, on a refusal to redeliver it.

If an infant has executed a contract, on his part, by the payment of money or delivery of property, he cannot afterwards disaffirm it, and recover back the money, or claim a return of the property, without restoring to the other party the consideration received from him.

THIS was an action brought before a justice of the peace, to recover the value of a wagon, a promissory note for $30, and a bank note for $5; which the plaintiff alleged were his property, and that the defendant had converted them to his own use. On the trial in December, 1852, it appeared that the plaintiff was 20 years of age. That in March of that year, his father "gave him his time," and he went into the blacksmith's business. In October, 1852, he bought a horse of the defendant, and paid him, therefor, a wagon, a note for $30, payable to the father of the plaintiff, and signed by C. and C., and $5. The father of the plaintiff was present at the trade and indorsed the note of C. and C.; the defendant insisting that he should do so, and let his son have some money. After the plaintiff had kept the horse about one month, he tendered him back to the defendant and demanded the wagon, note and money he had given in exchange for him; but the defendant refused to receive the horse or return the other property. There was proof on the part of the plaintiff tending to show that the horse was "balky" when the plaintiff took him; and on the part of the defendant, to show that the plaintiff had misused him, and that he had, in consequence, greatly depreciated in value after the plaintiff took him, and before he was tendered back. The cause was tried by a jury, who found a verdict for the defendant. The judgment was reversed by the county court of the county of St. Lawrence, and the defendant appealed.

Bartholomew *v.* Finnemore.

*A. B. James,* for the defendant.

*T. V. Russel,* for the plaintiff

*By the Court,* HAND, P. J. It is quite evident that the trade between the parties was made with the knowledge of the father of the plaintiff, and with his consent. He knew of it, was present, and indorsed the note which was part of the consideration given for the horse; and furnished some money, which was probably paid by the plaintiff on that occasion. If so, as he was the natural guardian of the plaintiff, I am inclined to think it disposes of an objection suggested by Jones, chancellor, in *Safford* v. *Roof,* (9 *Cowen,* 626,) that an infant can make no contract during his wardship. Indeed, I do not find that the objection has prevailed.

Generally, a contract can be rescinded *in toto* by one of the parties, only where the other can be placed in the same situation he occupied when the contract was made. (*Chit. on Cont.* 636. *Hunt* v. *Silk,* 5 *East,* 449. *Hogan* v. *Weyer,* 5 *Hill,* 389. *Voorhees* v. *Earl,* 2 *Id.* 288. *Bradley* v. *Bosley,* 1 *Barb. Ch.* 125. *Blackburn* v. *Smith,* 2 *Exch. R.* 783. *Reed* v. *Blandford,* 2 *Y. & J.* 278. *Fitt* v. *Cassanet,* 4 *M. & G.* 898.) And if the rescission is on the ground of fraud, it must be done promptly and unreservedly. (*Masson* v. *Bovet,* 1 *Denio,* 74.) But the jury must have found the defendant had not been guilty of fraud; and also that the horse had been misused by the plaintiff, and was of less value when tendered back, than at the time of the trade. There was evidence to that effect, and one witness testified that the depreciation was one half of his value. And it appears the plaintiff knew of the supposed defects of which he now complains, within a few days after he took the horse. The only question then is, whether the plaintiff, being an infant, could rescind or avoid the contract, and recover back the property, under these circumstances.

Nearly all of the contracts of an infant, except for necessaries, are voidable at his election. And the better opinion seems to be, that his executory contracts, and contracts of sale

Bartholomew *v.* Finnemore.

of his personal property, may be avoided during his minority. (*Stafford* v. *Roof*, 9 *Cowen*, 626. *Bool* v. *Mix*, 17 *Wend.* 132. *Corpe* v. *Overton*, 10 *Bing.* 252. *Railway Co.* v. *Coombe*, 3 *Exch. R.* 565. 5 *Bac.* 606. *Millard* v. *Hewlett*, 19 *Wend.* 301. *Co. Litt.* 380, *a.*) Though that has been doubted, where he sells chattels and delivers them with his own hand. (*Fonda* v. *Van Horne*, 15 *Wendell*, 635. *Roof* v. *Stafford*, 7 *Cowen*, 179.)

But, admitting he can do this during his minority; in the case now under consideration, the contract was executed; and there are several decisions, that if an infant has executed a contract on his part, by the payment of money or delivery of property, he cannot afterwards disaffirm it and recover back the money, or claim a return of the property, without restoring to the other party the consideration received from him. (*Holmes* v. *Blogg*, 8 *Taunt.* 508. *S. C.*, 2 *Moore*, 532; *recognized in Corpe* v. *Overton*, 10 *Bing.* 252. *Farr* v. *Sumner*, 12 *Vt. R.* 28. *Roof* v. *Stafford*, 7 *Cow.* 182. *Taft* v. *Pike*, 14 *Vt. R.* 405. *Chitt. on Cont.* 147. *And see Medbury* v. *Watrous*, 7 *Hill*, 114, *and cases there cited*; 2 *Kent*, 240; *Badger* v. *Phinney*, 15 *Mass. Rep.* 359; *North Western R. Co.* v. *McMichael*, 5 *Exch. R.* 114, *and note to American edition*; *Kitchen* v. *Lee*, 11 *Paige*, 107; *Story on Cont.* § 62.) In *Newry, &c. R. Co.* v. *Coombe*, (5 *Exch. R.* 565,) the infant had received no advantage whatever. It has been a question, whether he can be sued for what he receives upon an executory agreement after he avoids it. (*Reeves' Dom. Rel.* 243 *et seq. Woodworth, J.*, 7 *Cow.* 182.) However that may be, after he has enjoyed the benefit of it, in whole or in part, there is no equity in his avoiding his contract and reclaiming the property he delivered in exchange, without restoring the consideration; or, at least, an equivalent. This the plaintiff did not do, nor offer to do, in this case. He had the use of the horse for some time; and probably, by improper treatment, reduced him to one half of his former value; for all of which he offered no compensation.

The judgment of the county court should be reversed, and that of the justice affirmed.

Ordered accordingly.

[FULTON GENERAL TERM, January 2, 1854. *Hand*, *Cady* and *C. L. Allen*, Justices.]