HENRY P. GREEN, Appellant, v. WILLIAM H. GREEN, Respondent.

Where a son, during infancy, conveys his real estate to his father, receiving and expending, or wasting the consideration therefor before his arrival at full age, and has no other property with which to replace it, he may disaffirm his deed after he arrives of age, without restoring or offering to restore the consideration.

Mere acquiescence by the son, without any affirmative act, for three years after his arrival at full age, is not a ratification of the conveyance.

A re-entry by the son for the purpose of disaffirming the deed, with notice of such intent, is sufficient to avoid it, and an action of trespass cannot be maintained by the father because of such re-entry.

(Argued April 18, 1877; decided May 22, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of defendant, entered upon a decision of the court on trial without a jury. (Reported below, 7 Hun, 492.)

This was an action of trespass upon lands. The defendant among other things pleaded title. The facts found were substantially as follows:

On the 8th day of March, 1866, the defendant, being then the owner of the premises in question and plaintiff, being an infant of the age of about eighteen years, in consideration of the sum of $400.00 to him paid by the plaintiff, sold and conveyed to the plaintiff, who was his father and knew his infancy and actual age, the said premises, and thereupon entered into possession thereof and has since occupied the same. Prior to the defendant's obtaining his majority, he had wasted or otherwise ceased to possess the purchase price of said premises, and at that time was possessed of no property whatever excepting said land. On or about May 1st, 1873, the defendant re-entered upon said premises with the purpose and with notice of his intent to disaffirm the deed, and the alleged trespasses were those done in and about such re-entry.

SICKELS.—VOL.. XXIV.  70

*John C. Hunt*, for the appellant. Defendant's entry did not operate as a disaffirmance of the deed because he did not oust plaintiff. (1 N. H., 75.) The deed could not be lawfully disaffirmed until the consideration was restored. (1 Am. L. Cas., 220; 5 Humph. [Tenn.], 70; 15 Mass., 359; 1 N. H., 73; 7 Cow., 179; 6 N. H., 337; 5 Miss., 224; 8 Texas, 398; 2 Kent [11th ed.], 241; 1 Pars. Con., 268; *Bartholomew* v. *Finnemore*, 17 Barb., 430; *Hillyer* v. *Bennett*, 3 Ed. Ch., 239; *Kitchen* v. *Lee*, 11 Paige, 107; 1 Gray, 455; 6 Foster, 280; 41 N. H., 346, 353; *Lynde* v. *Budd*, 2 Paige, 193; *Badger* v. *Phinney*, 15 Mass., 359; 54 Barb., 554; *Maltby* v. *Harwood*, 12 id., 480; *Henry* v. *Root*, 33 N. Y., 553; *Gray* v. *Lessington*, 2 Bos., 263; *Medbury* v. *Watrous*, 7 Hill, 111; Tylor on Infancy, 78, § 38.)

*Frank Hiscock*, for the respondent. Defendant on arriving at age could at any time within twenty years disaffirm the conveyance. (*Zouch* v. *Parsons*, 3 Burr., 1808; *Bool* v. *Mix*, 17 Wend., 132.) Mere acquiescence or failure to disaffirm does not affirm the conveyance. (*Jackson* v. *Carpenter*, 11 J. R., 540; *Jackson* v. *Burchin*, 14 id., 124.) On the disaffirmance of a deed made during infancy, the parties are restored to their original rights and the grantor may maintain ejectment for the land. (*Voorhees* v. *Vorhees*, 24 Barb., 151; Washburne on real Property [3d ed.], vol. 1, p. 401; vol. 3, p. 226; *Sherman* v. *Garfield*, .1 Denio, 329; *Worcester* v. *Eaton*, 13 Mass., 371, 375; *Prout* v. *Wiley*, 28 Mich., 164; Parsons on Contracts [6th ed.], vol. 1, p. 325; *Moore* v. *Abernethy*, 7 Blackford, 442; *Boody* v. *McKenney*, 23 Maine, 523; *Drake* v. *Ramsey*, 5 Ohio, 252; *Miles* v. *Lingerman*, 24 Indiana, 385; Tyler on Infancy, § 37, p. 77; *Fits* v. *Hall*, 9 N. H., 441, 446; *Carpenter* v. *Carpenter*, 45 Ind., 142; *Jenkens* v. *Jenkens*, 12 Iowa, 195, 199; 1 American Leading Cases, p. 318, marg. 259; *Chandler* v. *Simmons*, 97 Mass., 508, 514; *Dana* v. *Stearnes*, 3 Cush., 372, 376; *Pitcher* v. *Laycock*, 7 Ind., 398, 403; *Cressinger* v. *Welch*,

15 Ohio, 156, 194; *Shaw* v. *Boyd,* 5 Serg. & Rawle, 309, 313; *Brown* v. *Hartford Fire Ins. Co.,* 117 Mass., 479; *Manning* v. *Johnson,* 26 Ala., 446, 451; *Price* v. *Furman,* 1 Wms., Vt., 268, 271; *Robbins* v. *Eaton,* 10 N. H., 562, 565; *Brawner* v. *Franklin,* 4 Gills., 463, 470; *N. H. M. Ins. Co.* v. *Noyes,* 32 N. H., 345, 349; *Mustard* v. *Wohlford,* 15 Grat., 329, 340; *Conroe* v. *Birdsall,* 1 Johnson's Cases, 128; Bingham on Real Estate, 157 to 162; *Tucker* v. *Moreland,* 10 Peters U. S., 58, 74; *Gibson* v. *Soper,* 6 Gray, 279, 282; Ewell's Leading Cases, p. 123; *Bedinger* v. *Wharton,* Law & Equity Reporter, vol. 2, p. 672, decided Nov. 23, 1876, in Court of Appeals of Virginia; *Hovey* v. *Hobson,* 53 Maine, 451–457; Moak's Van Santvoord's Pleadings, 564; *Voorhees* v. *Voorhees,* 24 Barb., 150; *Pitcher* v. *Laycock,* 7 Ind., 398; *Dominick* v. *Michael,* 4 Sandf. Sup. Ct., 421.) The defendant after disaffirming his deed, having the legal title to the premises, the plaintiff cannot maintain trespass against him for subsequent entries. (*Hyat* v. *Wood,* 4 John., 150; *Jackson* v. *Morse,* 16 John., 200; *Spencer* v. *McCowen,* 13 Wend., 257; *Hyland* v. *Stafford,* 10 Barb., 560; *People* v. *Field,* 1 Lans., 222–229.) Plaintiff cannot now be permitted to demand a return of the consideration as a condition of the disaffirmance of a deed. (Revised Statutes, Edmond's, vol. 2, p. 159; Bank's, vol. 3, p. 169; *White* v. *Parker,* 8 Barb., 48; *Thomas* v. *Bennett,* 56 Barb., 197; *Hassard* v. *Rowe,* 11 Barb., 22; *Copley* v. *O'Neil,* 57 Barb., 299; *Thacher* v. *Henderson,* 63 Barb., 271; *Low* v. *Purdy,* 2 Lans., 422.) The acts of the father in taking the deed and paying the money were a breach of duty and the infant is not bound to repay the purchase money to him. (*Fonda* v. *Van Horne,* 15 Wend., 631; *Green* v. *Winter,* 1 John. Ch., 27; *Parkist* v. *Alexander,* id., 394; *Schieffelin* v. *Stewart,* id., 620; *Brown* v. *Rickerts,* 4 id., 303; *Evertson* v. *Tappan,* 5 id., 497; *Hawley* v. *Mancieu,* 7 id., 174; *Torrey* v. *The Bank of Orleans,* 9 Paige, 659, 7 Hill, 260; *Bostwick* v. *Atkins,* 3 Com., 53; *Hassard* v. *Rowe,* 11 Barb., 22; *Putnam* v. *Ritchie,* 6 Paige, 390, 405.)

CHURCH, Ch. J.  The important question in this case is whether it was necessary for the defendant to restore the consideration received for the transfer of the land to the plaintiff to entitle him to rescind the contract.  The defendant is a son of the plaintiff.  He conveyed to the plaintiff the premises in question when under the age of twenty-one years, for which he received the sum of $400.  It appeared affirmatively that the son had used up, lost, or squandered the money before he became of age, and had no part of it, nor any other property except the land at the time of arriving at age.  After a careful examination of the authorities and the conflicting opinions below, we are inclined to concur with the opinion of GILBERT, J., in affirmance of the judgment. We do not deem it profitable to review the authorities upon the question, and do not intend to extend our decision beyond the principal facts involved in this case.

There are expressions of judges, and general rules laid down by text writers, and some cases which seem to favor the doctrine contended for by the appellant, but in nearly all of them there is a manifest distinction in the facts.  The weight of authority is to the contrary effect.  (10 Peters U. S., 58, 74; 97 Mass., 508; 6 Gray, 279; 27 Vt., 268; 100 Mass., 174.)  These and like authorities, we think, accord with the general principles of the law for the protection of infants.  The right to repudiate is based upon the incapacity of the infant to contract, and that incapacity applies as well to the avails as to the property itself, and when the avails of the property are improvidently spent or lost by speculation or otherwise during minority, the infant should not be held responsible for an inability to restore them.  To do so would operate as a serious restriction upon the right of an infant to avoid his contract, and in many cases would destroy the right altogether.  A person purchasing real estate of an infant, knowing the fact, and especially the father, must and ought to take the risk of the avoidance of the contract by the infant after arriving at maturity.  The right to rescind is a legal right established for the protection of the infant,

and to make it dependent upon performing an impossibility, which impossibility has resulted from acts which the law presumes him incapable of performing, would tend to impair the right and withdraw the protection. Both upon authority and principle we think a restoration of the consideration could not be exacted as a condition to a rescission on the part of the defendant.

Mere acquiescence for three years after arriving at age without any affirmative act was not a ratification. (11 J. R., 539; 14 id., 124; 23 Maine R., 517.) The entry made by the defendant in this case for the purpose of disaffirming the contract with notice of such intention was sufficient to entitle him to recover. (17 Wend., 120.)

The judgment must be affirmed.

All concur; ANDREWS, J., absent.

Judgment affirmed.