HENRY N. CRUMMEY, APPELLANT, v. GEORGE H. MILLS. AND OTHERS, RESPONDENTS.

*Infant—after attaining his majority he cannot recover property deposited as a margin under an agreement for the purchase of stocks, which agreement was made and broken by him while an infant.*

The plaintiff, when under twenty-one years of age, deposited with the defendants, who were bankers and brokers, twenty-five shares of Western Union Telegraph stock which belonged to his mother as a margin for the purchase of more stock of the same company. Such purchases were made under the direction of the plaintiff, and when the stock declined in the market he was required to make additional deposits of money to keep up his margin; and he did so from time to time, but finally failing to comply with such demands his stock was all sold out by the defendants and he was left indebted to them in an amount exceeding $1,100. The plaintiff, upon reaching his majority, repudiated the transaction and brought this action to recover the property and money deposited and paid to the defendants.

*Held,* that the action could not be maintained. (BARNARD, P. J., dissenting.)

APPEAL by the plaintiff from a judgment and order, entered at the Kings Circuit dismissing the plaintiff's complaint.

*James P. Judge,* for the appellant.

*W. S. Logan,* for the respondents.

DYKMAN, J.:

When the plaintiff was under twenty-one years of age, he deposited with the defendants, who were bankers and brokers, twenty-five shares of Western Union Telegraph stock which belonged to his mother, as a margin for the purchase of more stock of the same company. Such purchases were made under the direction of the plaintiff, and when the stock declined in the market he was required to make additional deposits of money to keep up his margin, and he did so from time to time, but finally failed to comply with such demands, and his stock was all sold out by the defendants, and he was left indebted to them over $1,100. The plaintiff has now reached his majority, and repudiates the transaction and seeks to recover the property and money deposited with the defendants during the entire transaction.

The cause came on for trial at the circuit and resulted in a

dismissal of the complaint at the close of the plaintiff's case, and he has appealed from the judgment. The repudiation of the transaction must proceed on the theory of an executory contract, because such contracts made by a minor may be disaffirmed at his majority, but no such privilege has ever been extended to a contract which has been executed and performed. No rule of law has ever permitted a minor to avoid a contract of which he has enjoyed the benefit, and recover back the consideration paid on the attainment of his majority. (*Medbury* v. *Watrous*, 7 Hill, 110).

The transactions between the plaintiff and the defendants were executed. The plaintiff purchased the stock through the defendants and paid for the same, and they belonged to him, subject it may be to a lien in favor of the defendants, but the title was vested in him; he furnished money and stock to the defendants to be employed in a specified manner, and they followed his directions. In the purchase of stock they were his agents and obeyed his instructions. The original deposit of stock and the subsequent payment of money were in pursuance of a contract, and in the course of its execution and performance. So that all he has done has been in the full execution of his contract, and he cannot recover for money paid or property furnished for such purpose.

The case of *Green* v. *Green* (69 N. Y., 556) was a peculiar case dependent on its own facts, and the decision was not intended to modify the rule of law applicable to executed contracts. "If an infant advances money on a voidable contract which he afterwards rescinds, he cannot recover this money back, because it is lost to him by his own act; and the privilege of infancy does not extend so far as to restore this money unless it was obtained from him by fraud." (1 Pars. on Cont., p. 322.)

The judgment should be affirmed, with costs.

PRATT, J., concurred; BARNARD, P. J., dissented.

Judgment and order denying new trial affirmed, with costs.