EDMUND PYNE, JR. *vs.* JOHN WOOD, JR.

Essex.    Nov. 4, 1887. — Jan. 6, 1888.    DEVENS & KNOWLTON, JJ., absent.

In an action by an infant to recover money paid by him for an article of merchandise, there was evidence that the father of the infant made a demand for the money and caused the action to be brought, and that the infant was present when the demand was made, and returned the article to the defendant. *Held,* that the evidence would warrant a finding that the plaintiff had rescinded the contract. *Held, also,* that the fact that the infant testified at the trial that he was willing to stand by the contract, and did not wish the action prosecuted, was immaterial.

In an action by an infant to recover money paid by him for a bicycle, on the question whether the bicycle was a "necessary," it appeared that the plaintiff, a boy seventeen years of age, lived with his father, and worked in a shoe shop, a mile from his father's house; that he went home for his dinner, and was allowed to be absent an hour. The judge who tried the case without a jury found for the plaintiff. *Held,* that no error of law appeared.

CONTRACT, to recover the sum of $64, paid by the plaintiff, a minor. Trial in the Superior Court, without a jury, before

*Hammond*, J., who allowed a bill of exceptions, in substance as follows:

On June 1, 1886, the plaintiff, who was then nearly seventeen years old, bought a bicycle of the defendant, and paid $30 in cash on account of the same. He also signed a paper writing by which he agreed to pay further sums of money from time to time. By the terms of the writing, the bicycle was to remain the property of the defendant until paid for, and he was to have the right to take possession of it, if the plaintiff made any default in payment.

The amount paid by the plaintiff in cash was a part of the money which he had saved from his own earnings. At that time he worked regularly in a shoe shop, earning $10 a week, out of which he paid his father for board $4 a week. There had been no special emancipation or giving away of the plaintiff's time, except what may be implied from the circumstances.

The plaintiff paid $12 on July 1, 1886, and $18 on July 28, 1836, and also on the last-named day exchanged the machine originally purchased for another, slightly different, and signed a new agreement similar to the former. He afterwards paid to the defendant $4 on general account. There was also charged against him, on account, $4 for repairing the bicycle.

The son paid all the cash out of his own earnings, to which the father had no claim other than that which might be asserted by a father to the earnings of a minor child.

At a later day the father demanded the money paid, but was refused payment by the defendant. He then demanded payment a second and third time, and was refused. Whereupon the father, leaving the bicycle at the defendant's shop, went away and caused this action to be brought. The boy was present when these demands were made, and also carried the bicycle to the defendant's shop when it was returned.

The defendant did not accept the bicycle in rescission of the contract, but claimed it as his under the contract.

The son testified that at the time of the trial he was willing to stand by the contract, and had no wish to have the present action prosecuted; but the judge found that the action was brought by his consent.

It was in controversy whether the plaintiff returned the machine bought. On this point the judge found for the plaintiff.

A question was raised how far the bicycle was a "necessary," and it appeared that the plaintiff worked in Lynn, but resided in Swampscott, at his father's, more than a mile off; that during the hour allowed for dinner, he could easily go home to dinner, but that at least half of the hour allowed for dinner would be consumed in walking; and it was contended that it was impracticable for him to take his meals at home, unless he had a bicycle.

The judge ruled that the contract was voidable, and that an action in this form might be maintained by a next friend, in the name of the son, and found for the plaintiff. The defendant alleged exceptions.

*S. H. Phillips & J. W. Porter*, for the defendant.

*I. B. Keith & C. Leighton*, for the plaintiff.

W. ALLEN, J. There is nothing in this case to distinguish it from *McCarthy* v. *Henderson*, 138 Mass. 310, and it must be governed by that decision.

The facts that the plaintiff was present when his father demanded the money of the defendant, and himself carried the bicycle to the defendant's shop when it was returned to him, and that the plaintiff consented to the bringing of the action, certainly warrant the findings that the contract was avoided by the plaintiff, and that the action was properly brought. The statement of the plaintiff on the witness stand that he was then willing to stand by the contract, did not show that he had not avoided the contract, or that there was not a good cause of action.

There was no error in the finding that the bicycle was not a necessary. *Merriam* v. *Cunningham*, 11 Cush. 40. *Leonard* v. *Stott*, 108 Mass. 46. *Exceptions overruled.*