CHARLES DICKERSON, Appellant, v. MILTON GORDON,
Respondent.

N. Y. Supreme Court, Second Department, General Term, May 13, 1889.

*Contract. Infancy.*—Upon the disaffirmance by an infant of a sale of pro-
perty, it is *prima facie* his duty to return the consideration he has
received, where it does not appear that the contract was not a
beneficial one for the infant, nor that his infacy was known to the
other party, nor that it was not in his power to return the con-
sideration; and the infant is liable in replevin where he borrows,
and refuses on demand to return, the property.

Action against an infant, by his guardian *ad litem*, for
the possession of personal property and damages for its
detention.

The defendant, who was an infant, sold and delivered to
plaintiff a horse, wagon and harness, for the sum of thirty-
three dollars. He afterwards borrowed the horse and har-
ness of plaintiff, and refused to surrender them to plaintiff
on demand. Prior to the loan, plaintiff had paid twenty-
three dollars of the purchase price, and at the time of
making the demand, offered to pay the balance, which was
refused.

An action was thereupon brought in justice's court to
recover the articles, and judgment was recovered by plaintiff.

The defendant appealed from this judgment to the county
court, and procured a reversal, and from this judgment of
reversal the plaintiff appeals.

*Timothy M. Griffing*, for appellant.

*Payne & Benjamin*, for respondent.

PRATT, J.—Upon disaffirmance by an infant of a con-
tract, it is *prima facie* his duty to return the consideration

he has received. To hold otherwise would make infancy "not a shield, but a sword."

In Green *v.* Green (69 N. Y. 553), it affirmatively appeared that the consideration money had been wasted, and the infant had no other property with which to repay.

Under the peculiar circumstances of that case, among which were the fact that the parties were father and son, and the infancy known to exist, it was held that the return of the consideration was not required to enable the infant to recover his land. But the court were careful to state that they did not intend to extend the rule beyond the facts then before the court.

We do not regard that case as sustaining the decision below. Here, it does not appear that the contract was not a beneficial one to the infant, nor that his infancy was known to the other party, nor that it was not in his power to return the consideration.

The property sold was perishable in its nature, as compared to land; and if the infant had not use for it, the sale, apparently, was for his benefit.

Upon the facts shown, we think the judgment rendered before the justice of the peace was right.

Judgment of county court reversed, with costs.

All concur.