### WHEELER & WILSON MANUF'G CO. v. JACOBS.

(Common Pleas of New York City and County, General Term. February 6, 1893.)

1. ACTION AGAINST INFANT—REPLEVIN.

Replevin for goods detained in violation of the terms of a contract of conditional sale, being an action of tort, is maintainable against an infant.

2. CONDITIONAL SALE—FAILURE TO MAKE PAYMENTS.

Where a conditional sale of an article to an infant provides that in case of default payments made should be treated as payment for the use of the article for the time it had been had, the payments cannot be recovered back by the infant on default being made.

Appeal from the third district court.

Replevin by the Wheeler & Wilson Manufacturing Company against Esther Jacobs. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Leopold Leo, for appellant.
John Holden, for respondent.

BOOKSTAVER, J.   This is a replevin action brought to recover the possession of one of plaintiff's sewing machines, which defendant obtained on a contract or conditional bill of sale, in the usual form, by the terms of which the title to the machine remained in the plaintiff until it was paid for in full; and in event of the defendant not paying the installments agreed upon, and the plaintiff was compelled to take back the property, the installments actually paid were to be regarded as money paid for the use of the machine.   The defense interposed was infancy, and a counterclaim for the amount paid on the property.   There was no dispute but that default had been made in the payment of the installments, but it was contended that the action was prematurely brought, because the defendant was an infant, and no action could be maintained against her.   This would be true if the action were founded upon a contract, but replevin never is.   The basis of this action is a tort, and it is stated in the affidavit for the immediate claim and delivery of the property that the defendant wrongfully detained the same. This is abundantly supported by the evidence in the case; for it appears that when the marshal, at the plaintiff's request, sought to obtain possession of the machine under the claim and delivery papers, the defendant and her mother not only refused to give up the machine, but endeavored to secrete the same, and claimed that it had been sold.   This, if true, would have been a conversion of the property, and a wrong against the plaintiff.   Infants are liable for their torts, and may even be indicted for the same.   "If an infant is old and cunning enough," says Lord Chancellor Cowper, "to contrive and carry out a fraud, he ought to make satisfaction for it."   2 Eq. Cas. Abr. 515; Badger v. Phinney, 15 Mass. 359; Homer v. Thwing, 3 Pick. 492; Cary v. Hotailing, 1 Hill, 311; Olmsted v. Hotailing, Id. 317; People v. Kendall, 25 Wend. 399; Wallace v. Morse, 5 Hill, 392; Rice v. Boyer, (Ind. Sup.) 9 N. E. Rep. 420; Schuneman v. Paradise, 46 How. Pr. 426; Eckstein v. Frank, 1 Daly, 334; Cooley, Torts, p. 120.   Where the infant pleads his minority to escape payment of the purchase price, the seller may rescind the sale, and replevy the goods.   Badger v. Phinney, supra.

Although an infant must be personally served with the summons, yet, before a valid judgment can be obtained against her, a guardian ad litem must be appointed.   That was regularly done in this case.

Appellant's counsel contends that, even if the action can be main-

tained, she ought to have been allowed the amount she paid upon the contract of purchase. But this, we think, is not sound, as it was expressly agreed it should be regarded, in case of default, as the value of the use of the property during the time she had it; and we cannot say that that was at all unreasonable, because it is manifest that the use of the machine must have greatly deteriorated its value. Besides, the conditioned bill of sale must be regarded as an executed contract, as far as the payments actually made were concerned, and infants cannot recover on such contracts. Crummey v. Mills, 40 Hun, 370. The case of Green v. Green, 69 N. Y. 556, was peculiar, and the court expressly states that it was to apply only to the facts in that case. Infants cannot return property without paying actual damage to it. The vendor must be put in statu quo. Bartholomew v. Finnemore, 17 Barb. 428; Gray v. Lessington, 2 Bosw. 257. In this case, however, the defendant did not attempt to return it, but, on the other hand, sought to prevent the plaintiffs from obtaining possession of it.

The judgment should be affirmed, with costs.