SARAH M. JACKSON, by Guardian, etc., Respondent, *v.* PIERRE M. BROWN, Appellant.

*Action for conversion — when a release, obtained by fraud, may be rescinded by an infant without restoration — when restoration unnecessary by an adult.*

Upon the trial of an action for conversion, wherein a release was pleaded as a defense, the plaintiff offered to prove that the release had been procured by fraud; the court excluded the proof on the ground that fraud was not stated in the pleading, and directed a verdict for the defendant. Upon motion a new trial was granted.

*Held,* that the court erred on the trial in excluding the proof of fraud, and properly granted a new trial;

That the plaintiff being an infant might, upon showing her inability to make restoration, rescind the release without restoration;

That she would be bound to show affirmatively a case which entitled her to rescind without restoration, but the evidence of fraud having been excluded upon the ground that it was not pleaded, it was unnecessary for her to make further offer of proof;

That if she should establish fraud in procuring the execution of the release in that it was represented to her to be a mere receipt, it would not be necessary for her to make restoration, even if an adult.

APPEAL by the defendant, Pierre M. Brown, from a judgment for costs of the County Court of Queens county in favor of the defendant, entered in the office of the clerk of the county of Queens on the 13th day of March, 1893, rendered upon the verdict of a jury by direction of the court, and also from an order made on the 1st day of April, 1893, and entered in said clerk's office, granting the plaintiff's motion for a new trial.

*A. A. Gardner,* for the appellant.

*M. Compton,* for the respondent.

CULLEN, J.:

This is an appeal from an order of the County Court granting a new trial. The action was for conversion; the defendant pleaded a release. Plaintiff offered to prove that the release had been procured by fraud. The court excluded the proof on the ground that fraud was not set up in the pleadings, and directed a verdict for the defendant. On motion of the plaintiff the court granted a new trial.

We think that the court erred on the trial in excluding the proof of fraud and properly granted a new trial. Concededly it erred in the ground upon which it excluded 'the testimony. But the defendant contended on the trial, and now contends, that the evidence should have been excluded because the consideration for the release had not been returned or offered to him before the action was begun. This contention we think erroneous. Being an infant the plaintiff might, upon showing her inability to make restoration, rescind the release without restoration. (*Green* v. *Green*, 69 N. Y. 553.)

It was true that she would be bound to show affirmatively a case which entitled her to rescind without restoration, but the court having excluded the evidence of fraud upon the ground that it was not pleaded, it was not necessary for her to make further offers of proof. The ruling made, if correct, was fatal to her case. But apart from this she offered to prove fraudulent representations as to the character and contents of the instrument she had signed; that it was represented that it was a mere receipt. If she should establish a fraud in this respect it would not be necessary for her to make restoration even if an adult. (*Cleary* v. *Municipal Light Co.*, 139 N. Y. 643.)

Order granting new trial should be affirmed, with costs.

PRATT and DYKMAN, JJ., concurred.

Order granting new trial affirmed, with costs.