(13 App. Div. 544.)

### KANE v. KANE et al.

(Supreme Court, Appellate Division, Fourth Department. January 27, 1897.)

1. INFANTS—MORTGAGES—RATIFICATION OF CONTRACT—BURDEN OF PROOF.

Testimony by a mortgagor that he was an infant when he executed his mortgage, and that on coming of age he elected to disaffirm it, and gave notice thereof to the mortgagee, puts the burden of proof on the mortgagee to establish a ratification of the mortgage after the mortgagor reached his majority.

2. SAME—DISAFFIRMANCE WITHOUT REPAYMENT.

A mortgagor who executed his mortgage during infancy can disaffirm it on coming of age without returning the money received thereunder, where he spent the money before reaching his majority.

3. SAME—TENDER—GRANTEE'S NAME IN BLANK.

A tender of a deed with the grantee's name in blank is a sufficient offer of reconveyance and disaffirmance to avoid a mortgage given by the mortgagor during infancy, to secure the purchase price of the land conveyed by the deed.

Appeal from judgment on report of referee.

Action by Joseph J. Kane against Patrick M. Kane and Isaac H. Radford and others to partition land, and determine the rights of defendants to the money arising from its sale. From the judgment entered on the referee's report, defendant Isaac H. Radford appeals. Affirmed.

February 2, 1894, this action was commenced in the county court of Erie county to partition certain lands described in the complaint. The lands have been sold, and a portion of the proceeds deposited with the treasurer of Erie county, awaiting the determination of the respective rights of certain defendants in the moneys arising upon the sale. On the 13th of March, an order of reference was made, which, among other things, authorized the referee to determine "all the issues raised between any of the co-defendants, or between the plaintiff and any of the defendants." Judgment was entered in accordance with the directions contained in the referee's report, and the defendant Isaac H. Radford alone appeals from the judgment. Patrick M. Kane, Jr., was the owner of an undivided one-fourth part of the premises described in the complaint. The appellant, Radford, claims a lien upon the share of Patrick M. Kane, Jr., by virtue of two mortgages,—one executed on January 6, 1894, for $250, and one executed on January 23, 1894, for $3,500. The answer of Patrick M. Kane, Jr., alleges that at the time of the execution of the mortgages mentioned in the complaint, and the bonds accompanying the same, "he was under the age of twenty-one years, to wit, when he was only twenty years of age, and that said alleged bonds and mortgages are null and void by reason of the infancy of this defendant at the time of the execution and delivery thereof as aforesaid; that, promptly on attaining his majority, the said defendant Patrick M. Kane, Jr., by notice duly served upon the said defendant Isaac H. Radford, disaffirmed said bonds and mortgages." The referee found, as matter of fact, "that the said defendant Patrick M. Kane, Jr., has never since arriving of age ratified, confirmed, or affirmed either the $3,500 mortgage or the $250 mortgage made and delivered by him to the said defendant Isaac H. Radford, and hereinabove more fully described." He also found that the mortgagor "disaffirmed" the said mortgages promptly on arriving of age, and that he was a minor under 21 years of age at the time of the execution of the several mortgages. The referee also found "that, before arriving of age, the said defendant Patrick M. Kane, Jr., spent and squandered all of the money that he had received of the defendant Isaac H. Radford under the agreement between them made January, 1894, as hereinabove set forth, retaining only the real estate that had been conveyed to him by said defendant Isaac H. Radford under said contract; that promptly on arriving of age, that said defendant Patrick M. Kane, Jr., offered to reconvey to said defendant Isaac H. Radford all of the real estate that had been conveyed to him by said defendant Isaac H. Radford, or by said Mrs. Stevens, under said agreement between them, and tendered a sufficient deed and reconveyance thereof, both by actual deed and in his answer herein, which reconveyance the said defendant Isaac H. Radford refused to accept."

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Tracy C. Becker, for appellant.

Simon Fleischmann, for respondent.

HARDIN, P. J. In Palmer v. Miller, 25 Barb. 399, it was held that a mortgage executed by an infant is valid until some act is done by him to avoid it. Upon the hearing before the referee, it was clearly shown that Patrick was born on the 1st day of December, 1873, and arrived at his majority on the 1st day of December, 1894. It was thus made to appear that, at the time of the execution of the two mortgages held by the appellant, he was under age. It was also made clear by the evidence that, very soon after coming of age, he elected to disaffirm the mortgages, and gave notice thereof to the appellant. After such proof was given, the appellant took upon himself the burden of establishing a ratification of the mortgages subsequent to the time when Patrick became of age. In Henry v. Root, 33 N. Y. 555, it was said that the burden rests upon the party who seeks to establish a ratification after the infant so executing an instrument attains his majority. The same doctrine is announced in Walsh v. Powers, 43 N. Y. 27.

In endeavoring to bear the burden of establishing the allegation of ratification, the appellant was sworn as a witness, and he called in support of his theory of the case two other witnesses, and insisted before the referee that there had been a promise, a ratification, and an approval of the mortgages. To meet that issue, the defendant was sworn as a witness, and contradicted the testimony, to a large extent, delivered by the appellant. Upon the conflicting evidence presented to the referee, he has made a finding of fact adverse to the appellant. The referee saw the witnesses, their demeanor upon the hearing, and brought to mind all the circumstances attending the supposed ratification, and resolved the conflict in the evidence adverse to the appellant. It was within the prerogative of the referee to determine which of the witnesses he would give credit to. The appellant was interested as a party, and his evidence was open to criticism, cavil, and doubt; and the referee seems to have discredited the statements made by the appellant as a witness, and to have disbelieved the witnesses who were called to support his theory of the case; and a perusal of the evidence found in the appeal book leaves upon our mind the impression that the referee was warranted in reaching that conclusion upon the controverted question of fact.

In Sackett v. Thomas, 4 App. Div. 448, 38 N. Y. Supp. 609, we had occasion to deal with a somewhat similar conflict, and to quote authorities bearing upon the right of a referee to determine which of the witnesses testified to the truth, and to quote the authorities bearing upon the rule applicable to a review of a determination made by a referee under such circumstances. In that case we said, after quoting the authorities:

· "As to some of the essential questions involved in the controversy, there was a conflict in the evidence, and it was for the referee to determine that conflict, and to apply the evidence, in connection with the solution made by him of the conflicting evidence. We think his conclusions of fact should be sustained."

We are not able to yield to the contention of the learned counsel for the appellant, that the finding of the referee is "clearly against

the law and the weight of the evidence." According to the finding of the referee, Patrick had "spent and squandered all of the money that he had received of the defendant Radford" before arriving to full age; and according to the doctrine laid down in Green v. Green, 69 N. Y. 553, under such circumstances he was authorized to disaffirm the mortgages without returning the money.

In Dill v. Bowen, decided by the supreme court of Indiana in 1877, reported in 15 Alb. Law J. 452, it was said:

"She had a right to disaffirm the deed, and recover the land back, without returning or offering to return the purchase money. [Carpenter v. Carpenter] 45 Ind. 142. Therefore she was guilty of no tort or legal wrong in disaffirming without restoring the purchase money. Having disaffirmed, the law imposes upon her no legal obligation to repay the money. * * * But, if the property has passed from his hands, the law imposes no obligation upon him to account."

In Beardsley v. Hotchkiss, 96 N. Y. 201, it was said:

"The defense of infancy is for the benefit and protection of the infant."

We find nothing in that case inconsistent with the principle which we have already adverted to.

In Hodges v. Hunt, 22 Barb. 150, the question of a ratification was involved, and it was said:

"A new promise made by him [an infant] after he becomes of full age must possess all the ingredients of a complete agreement, to enable the creditor to recover."

In Mordecai v. Pearl, 63 Hun, 553, 18 N. Y. Supp. 544, it was said that, after the orders had been "effectually repudiated on the ground of infancy, they must be regarded, so far as they affect his legal rights, as though they never had any existence."

This case differs from Kincaid v. Kincaid, 85 Hun, 141, 32 N. Y. Supp. 476, as that was a case where an infant bargained for property, and, on coming of age, received and used it, and sought to repudiate the obligation to pay for it.

The case in hand differs from Palmer v. Miller, 25 Barb. 399, as in that case, after the infant arrived at majority, there was a fresh acknowledgment of the mortgage, which was held to be a ratification of the same.

In Walsh v. Powers, 43 N. Y. 27, the defense of infancy prevailed, because there was no finding of any act sufficient to work a ratification after the party came of age. We see nothing in the case that aids the contention of the appellant here.

In the case before us the referee has found that the infant promptly, on arriving of age, offered to reconvey to the appellant "all of the real estate that had been conveyed to him by said defendant Isaac H. Radford, or by said Mrs. Stevens, under said agreement between them, and tendered a sufficient deed and reconveyance thereof, both by actual deed and in his answer herein, which reconveyance the said defendant Isaac H. Radford refused to accept." If he had accepted the deed, although the grantee's name was in blank, he would have been authorized to have inserted the name. We think the tender was sufficient. Berry v. Insurance Co., 132 N. Y. 49, 30 N. E. 254; Zebley v. Trust Co., 139 N. Y. 461, 34 N. E.

1067. The learned referee has quite satisfactorily discussed the facts in an opinion delivered in conjunction with his report. We are of the opinion that his report should be sustained.

Judgment affirmed, with costs. All concur.