(25 App. Div. 388.)
RICE v. BUTLER.

(Supreme Court, Appellate Division, Fourth Department.   February 6, 1898.)

INFANTS—CONTRACT OF PURCHASE—RECOVERY OF PAYMENTS MADE.
  An infant 17 years old, working as a domestic, and living in her em-
  ployer's house, agreed to purchase a bicycle for $45, the title to remain in
  the seller until paid for.  She used it three months, and then returned it,
  after paying $15 down and weekly installments amounting to $11.25.  *Held*
  that, the bicycle not being a necessity, she could recover back what she
  had paid.

  Adams and Ward, JJ., dissenting.

Appeal from Onondaga county court.

Action by Mary Rice, by her guardian ad litem, against William
Allen Butler.   From a judgment of the county court of Onondaga
county affirming a judgment of the municipal court of Syracuse dis-
missing the complaint, plaintiff appeals.   Reversed.

  This action was begun October 22, 1896, in the municipal court of Syracuse,
to recover $26.25 paid on an executory contract which the plaintiff had re-
scinded because of her infancy.   June 18, 1896, the plaintiff, then an infant
17 years of age, and employed as a domestic in a family in which she resided,
entered into a written executory contract with the defendant, under the name
of Reuben Woods Son's Co., by which he agreed to sell, and she to purchase,
a bicycle for $45.   Fifteen dollars were paid on the execution of the contract,
and the remainder was payable in weekly installments of $1.25, the title to
the wheel to remain in the vendor until the purchase price should be fully
paid, with the right to take and sell the machine in case it was not kept in
good repair, or in case the stipulated weekly payments were not made.   On
or about September 20, 1896, the plaintiff, having paid, as she testified, weekly
payments amounting to $11.25, which with the $15 paid down, aggregates
$26.25, returned the wheel to the defendant, asserting that she had been de-
frauded, and demanded the repayment of the $26.25.   The defendant took
the wheel, but refused to return the money, or any part of it, asserting that
the use of the wheel was worth more than the sum paid, and that it had been
damaged by use to the extent of $15.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN,
and WARD, JJ.

George F. Quinn, for appellant.
Thomas Woods, for respondent.

  FOLLETT, J.   An infant, not under guardianship, may enter into
a valid contract for a necessary article; but a bicycle is not an article
of necessity for a girl 17 years of age, working as a domestic, and liv-
ing in the house of her employer.   The truth of this proposition is so
apparent that it hardly needs the support of judicial authority, but
nevertheless the question has been decided.   Pyne v. Wood, 145 Mass.
558, 14 N. E. 775.   In the case cited a boy 17 years of age, residing
with his father, and working in a factory, which was more than a
mile from his father's house, purchased a bicycle on the installment
plan, and paid $64 on the contract out of his own wages.   After using
the wheel for some months, he returned it, and brought an action to
recover the amount paid.   It was asserted that the wheel was an
article of necessity to enable the boy to ride to and from his labor, and
it was shown that he was allowed but one hour for his dinner, which

was insufficient time to enable him to walk from the factory to his father's house, dine, and return, and that by means of the wheel he could do this. Nevertheless it was held that the wheel was not a necessity. The boy could have carried his dinner. It is not every article that may be convenient for an infant in the employment in which he is engaged, or which may greatly contribute to his pleasure, that is a necessary article, within the rules of law allowing infants to contract for necessaries. The rules relating to contracts by infants are not harmonious, arising from the fact that hard cases make bad law, and courts have too frequently relaxed the wise rules of the common law so as to do justice between litigants in particular cases. A few rules are well settled. An infant under guardianship cannot bind himself for necessaries to the same extent as an infant having no guardian. It does not appear that the plaintiff in the case at bar has a general guardian, and the case is governed by the rules applicable to executory contracts, by infants not under guardianship, for the purchase of unnecessary articles. Formerly it was doubted whether an infant could rescind his contract, and it was held by some of the reported cases that he could not, because, by reason of his infancy, he could no more annul than execute a contract; that he could not elect to rescind until he reached his majority. But it is now settled in this state that an infant may rescind an executory contract for personal services, one relating to personalty, or one for the payment of money. Chapin v. Shafer, 49 N. Y. 407; Sparman v. Keim, 83 N. Y. 245; Petrie v. Williams, 68 Hun, 589, 23 N. Y. Supp. 237. The bicycle not being a necessity, the contract under which it was purchased being executory, the wheel having been returned to the vendor, and the contract rescinded before the period fixed for the performance of the contract, the question arises whether the infant may recover the amount which she paid on the contract, without diminution for the use of the machine or for damages thereto occasioned by its use. A witness sworn in behalf of the defendant testified that the fair rental value of the wheel for three months was $30, and that by reason of the condition in which it was returned it was worth $15 less than when it was delivered to the plaintiff. In Pyne v. Wood, supra, the infant returned the bicycle after using it some months, and it was held that he was entitled to recover the amount paid on the contract. McCarthy v. Henderson, 138 Mass. 310, arose out of a contract with an infant for the purchase of a "curtain side barge," which he used in his business of transporting passengers. By the contract the infant agreed to pay $50 per month for the use of the barge, and the vendor agreed that when the infant should pay $675 the title should pass to the vendee. The infant paid $175, and used the barge four months, when the vendor took possession of it because of the infant's failure to make the stipulated payments. The infant sued to recover the amount paid, because of his infancy, and it was held that he was entitled to recover the full amount, without deducting the value of the use of the barge during four months.

The learned counsel for the defendant cites in opposition to these authorities, Gray v. Lessington, 2 Bosw. 257; Bartholomew v. Finnemore, 17 Barb. 428; Crummey v. Mills, 40 Hun, 370; Hangen v.

Hachmeister, 49 N. Y. Super. Ct. 34; Manufacturing Co. v. Jacobs, 2
Misc. Rep. 236, 21 N. Y. Supp. 1006.    In the cases in which it was
held that the infants must restore or make good all they had received
under the contracts, the judgments were placed upon the ground that
the contracts were executed, and that the rule which prevails as to
executory contracts was not applicable to executed contracts.    In
the case last cited the vendor brought replevin against the infant pur-
chaser because of his failure to pay for the machine purchased.    It
was held that the action was not founded on the contract, was a
tortious one, and that the sums paid could not, for that reason, and
for the further reason that the contract was executed, be counter-
claimed.    Such were the reasons given, although they do not seem
to fit the facts, and they are far from satisfactory or logical.    In
Crummey v. Mills, supra, the plaintiff did not part with his own prop-
erty, but with the property of his mother.    After the plaintiff became
of age, he repudiated the transaction, and brought an action to recover
his mother's stock put up as collateral to his contract, which stock was
never owned by him; and it was held that he could not recover the
value of his mother's stock put up as a margin.    It was not asserted
that the plaintiff ever had title to the shares, or that his mother had
ever assigned her right of action to him.    On this ground the judg-
ment firmly rests.    In Hangen v. Hachmeister, supra, an infant, in the
course of his business, mortgaged his chattels.    The infant died, and
his personal representatives sold the mortgaged property to the plain-
tiff, who had notice that the defendant held a mortgage thereon.    The
infant never repudiated the chattel mortgage; neither did his repre-
sentative; and it was held that the purchaser from the representative
could not repudiate the infant's contract, and was not entitled to re-
cover the value of the property in an action for its conversion against
the mortgagee in possession.    In Bartholomew v. Finnemore, supra,
an infant exchanged a promissory note for $30, a bank note for $5,
and a wagon for a horse.    The infant was 20 years of age, was in busi-
ness for himself, and his father was present when the exchange was
made, approved of it, and indorsed the note which was given in ex-
change.    The infant kept the horse a month, returned it, and de-
manded the property which he had given in exchange.    The defend-
ant refused to accept the horse or return the property.    The infant
sought to recover the value of the property in an action of trover.    The
case was tried in a justice's court, where a verdict and judgment were
rendered for the defendant, but the judgment was reversed by a county
court.    On the plaintiff's appeal the judgment of the county court was
reversed, and the judgment of the justice's court affirmed, upon two
grounds:    (1) That the contract was made with the approval of the
natural guardian of the infant, his father; and (2) that, the contract
having been completely executed, the infant could not recover the value
of the articles which he exchanged without restoring the horse in as
good condition as when he took it.    It was shown on the trial that
the horse, by misuse, was greatly depreciated in the infant's hands
before it was tendered to the defendant.    None of these cases are de-
cisive of the case at bar.    In Green v. Green, 69 N. Y. 553, an infant
conveyed his real estate, received the consideration, and squandered it.

Upon arriving at age, he brought an action of trespass against the vendee for entering on the land, and it was held that he could recover without making restitution, as it appeared that he had squandered the money, and therefore it was impossible for him to return it. In Allen v. Lardner, 78 Hun, 603, 29 N. Y. Supp. 213, an infant, who owned a building lot, and was engaged to be married, contracted for the erection of a dwelling thereon for $887. The house was built, and it was conceded that it was worth the contract price, and suitable for the home of the infant and his wife, who occupied it for some time, and afterwards leased it. They gave a bond and mortgage for the contract price, which, when they became of age, they repudiated, on the ground that they were infants when executed. In an action brought for the foreclosure of the mortgage it was held that it was not a lien upon the property, and a judgment was rendered for the defendants. In Kane v. Kane, 13 App. Div. 544, 43 N. Y. Supp. 662, an infant mortgaged his lands, and received and squandered the money. After he became of age, he disaffirmed the mortgages, and it was held that they were not a lien on the infant's lands, and that the restitution of the consideration of the mortgages was not a necessary condition precedent to the effectual disaffirmance of them. It is apparent that under the authorities the vendor in the case at bar could not have maintained an action against the infant vendee for the purchase price of the wheel, or for the use thereof, or for damages not willfully inflicted, but occasioned by the use of the wheel. It is difficult to see, as was said in McCarthy v. Henderson, supra, that the vendor is any more entitled to recover by way of counterclaim on such a cause of action than he would have been had he brought an action. Experience has shown that it is necessary to enforce these rules for the protection of infants and incompetents, in order to protect them from being defrauded of their estates; and, while they work occasional injustice, they are necessary for the protection of such persons. In England, by a recent statute ("Infants' Relief Act," 37 & 38 Vict. c. 62), it is enacted that contracts entered into by infants for money borrowed, and for various purchases, are void, and cannot be validated after the infant has arrived at full age. If it shall be held that infants or incompetents must make restitution before actions can be maintained for the recovery of their property, their estates will be exposed to depletion by unprincipled persons. A vendor who sells on the installment plan a bicycle to a girl 17 years of age, employed as a domestic, should be content to stand on his strict legal rights.

The judgment should be reversed, with costs.

GREEN, J., concurs.

HARDIN, P. J. Inasmuch as I made the decision at special term in Green v. Green, 7 Hun, 492, affirmed 69 N. Y. 553, and concurred in the opinion in Petrie v. Williams, 68 Hun, 589, 23 N. Y. Supp. 237, and prepared the opinion in Kane v. Kane, 13 App. Div. 544, 43 N. Y. Supp. 662, and am satisfied with the logic found in the opinion of FOLLETT, J., and respect the authorities cited by him in that opinion, I fully concur in his opinion, and vote to reverse the judgments below.

ADAMS, J. (dissenting). In the view which I take of this case, it is not important to determine whether or not the bicycle which the plaintiff purchased of the defendant is to be regarded as a necessary article, the real question being whether the former can avail herself of her infancy to perpetrate a wrong upon the latter. It is doubtless true that the law of this state relating to contracts made by infants is not in all respects in harmony with that of other states, and it may perhaps be asserted with entire propriety that the decisions of the courts of this state upon the subject are not in perfect accord with themselves, but nevertheless there is one principle especially applicable to the facts of this case, which has received very general recognition, and which, as stated by so eminent authority as Chancellor Kent, is this: "If an infant pays money on his contract, and enjoys the benefit of it, and then avoids it when he comes of age, he cannot recover back the consideration paid." 2 Kent, Comm. (5th Ed.) 240. See, also, Chit. Cont. (5th Am. Ed.) 149–579, note 1. This language is quoted with approval by Beardsley, J., in Medbury v. Watrous, 7 Hill, 110, and he adds that "the rule is otherwise where the infant has not derived any benefit from his contract; that then he may avoid it, and recover back what he has paid." The same rule also received recognition at the hands of so able a jurist as Chief Justice Savage, in McCoy v. Huffman, 8 Cow. 84, where it was said that "although the executory contracts of an infant are voidable by him, at his election, yet if he pays money on a contract made by him, though he avoid the contract on arriving at mature age, he cannot recover the money back. And so it was expressly adjudged in Holmes v. Blogg, 8 Taunt. 508." And it has been repeatedly followed and adopted since. Gray v. Lessington, 2 Bosw. 257; Bartholomew v. Finnemore, 17 Barb. 428; Crummey v. Mills, 40 Hun, 370; Manufacturing Co. v. Jacobs, 2 Misc. Rep. 236, 21 N. Y. Supp. 1006. In the case last cited, it was expressly held that, where an infant attempts to rescind a contract of sale by returning the property purchased, he must place the vendor in statu quo, and that he cannot return the property without making good the actual damage to it. The cases of Gray v. Lessington and Bartholomew v. Finnemore, supra, likewise declare the same principle. In the latter of these cases, the infant had purchased a horse, and paid for it in property which was delivered to the vendor. After retaining the horse for a month, during which time, by reason of its misuse by the infant, its value was greatly lessened, the infant tendered the horse back to the vendor, and demanded that he should return the property which had been delivered in payment therefor; and it was held that inasmuch as the infant had enjoyed the use of the horse, and, by improper usage, had reduced its value, there would be no equity in permitting him to avoid his contract, and reclaim his property, without restoring the consideration or its equivalent. It is said, however, that this case differs from the one at bar, in that the contract there sought to be rescinded was executed. I can see no reason why that fact should require the application of any different

rule, nor am I able to discover, after a careful reading of the case, that it exerted any particular influence upon the mind of the court. But, even if such a distinction were of any importance, the contract which the plaintiff is here seeking to avoid was certainly executed to the extent of the payments which were actually made thereon (Manufacturing Co. v. Jacobs, supra); and, this being so, the distinction is obviously more imaginary than real. But, however this may be, the facts of this case justly require the application of the rule as stated by Chancellor Kent. The plaintiff purchased the bicycle of the defendant upon the installment plan, without disclosing the fact that she was an infant. The purchase price of the wheel was $45, of which sum $15 was paid at the time of the purchase, and about $10 additional was thereafter paid in installments. After using the wheel for upward of three months during the season of 1896, the plaintiff became tired of it, and, then suddenly remembering that she was an infant, offered to return it, and demanded that the money which had been paid upon the purchase price should be restored to her. It is undisputed that the deterioration in the value of the wheel resulting from its use for this period of time was about $30, and that its rental value during the same period would amount to about the same sum; and without making any return whatever for the injury done, and without offering to pay for the benefit derived from the use of the wheel, the plaintiff seeks to avoid her obligations by resorting to the defense of infancy. As was said in the case of Bartholomew v. Finnemore, "there would be no equity" in permitting the plaintiff in these circumstances to recover back the moneys paid upon her purchase, without "restoring the consideration or its equivalent."

The learned counsel for the appellant calls attention to two cases which it is claimed are in apparent hostility to the rule which has just been considered. I have examined with some degree of care both of these cases (one of them having been decided by this court), without discovering wherein they have any especial application to the case in hand. In one of them (Green v. Green, 69 N. Y. 556) the court was careful to state that it was not designed that the rule there adopted should be extended beyond the peculiar facts of that case; while in the other (Kane v. Kane, 13 App. Div. 544, 43 N. Y. Supp. 662) the facts, in one respect at least, were essentially different from those disclosed by the record in the case under consideration. An infant having mortgaged his lands, and squandered the money obtained upon his mortgages, after reaching his majority dissaffirmed his contract; and we held that the mortgages were not liens upon the infant's lands, and that a restitution of the moneys obtained upon the security thereof was not a condition precedent to disaffirmance, because—and herein lies the important distinction between that case and this—the infant had spent his money, and thereby placed it beyond his power to make such restitution. In this case, however, the plaintiff was differently situated, for the moneys which she had paid upon her contract were where they could be applied in satisfaction of the injury done to the property

which she had assumed to purchase, and, if she is unwilling to have them thus applied, the law should make such application for her.

I am clearly of the opinion that the judgment appealed from should be affirmed.

WARD, J., concurs.