MORRIS LEVENBERG, Respondent, *v.* HOWARD J. LUDINGTON, Appellant.

County Court, Monroe County, August 2, 1934.

* See Penal Law, §§ 972, 982, as amd. by Laws of 1934, chap. 317.

*Walter S. Forsyth*, for the appellant.

*H. H. Cohen*, for the respondent.

LYNN, J. On June 23, 1930, the plaintiff became twenty-one years of age. On or about March 10, 1930, the plaintiff purchased of the defendant, a broker, fifty shares of stock in the Rio & Buenos Aires Line, Incorporated, for the sum of $625, for which he paid that sum by check dated March 10, 1930. On May 8, 1933, nearly three years after the plaintiff became of age, he offered to return the stock to the defendant and demanded a return of the money paid for it, which was refused, and this action was thereafter brought to recover the said $625 and interest and has resulted in a judgment for that amount, with costs. From that judgment this appeal is taken.

It will be seen that we have here the case of an executed contract, as distinguished from such cases as *Parsons* v. *Teller* (188 N. Y. 318) and *International Text Book Co.* v. *Connelly* (206 id. 188). The distinction between the rights of an infant in an unexecuted contract and in an executed contract is expressly pointed out in those cases.

In the case of *Parsons* v. *Teller*, Judge CULLEN says (on p. 326): " It is not the case of an executed contract where failure of an infant to disaffirm within a reasonable time after becoming of age would of itself operate as a ratification." And in the case of *International Text Book Co.* v. *Connelly* Judge VANN quotes this sentence from Judge CULLEN. Also this distinction is pointed out by Mr. Justice TAYLOR, of the Fourth Department, writing the opinion in *Washington Street Garage, Inc.*, v. *Maloy* (230 App. Div. 266).

Notwithstanding these expressions of opinion by distinguished judges, there still remained the decision in the case of *Green* v. *Green* (69 N. Y. 553), which is clearly the case of an executed contract (the sale of lands), holding that the infant had the period of the Statute of Limitations within which to disaffirm. The latter case, however, had been said to be confined to the particular facts in that case by several justices of the Supreme Court, among whom was Justice ADAMS writing a dissenting opinion in *Rice* v.

*Butler* (25 App. Div. 388) and Justice DYKMAN in *Crummey* v. *Mills* (40 Hun, 370). The question, however, seems to have been at last placed beyond the realm of controversy. In an opinion by Judge CRANE, in *Sternlieb* v. *Normandie Nat. Sec. Corp.* (263 N. Y. 245), it is said (at p. 248). " The only difference between an executory and an executed contract appears to be, that in the former, the infant may disaffirm at any time short of the period of the Statute of Limitations, unless by some act he has ratified the contract, whereas, in the latter, he must disaffirm within a reasonable time after becoming of age, or his silence will be considered a ratification."

The case from which the above is cited seems at first glance to be exactly like the case at bar, and, if it were, it would be a conclusive authority against the appellant here. I think, however, that it is otherwise. In that case, as in this, substantially three years expired between the purchase of the stock by the infant, which occurred on the 21st day of September, 1929, and his offer to return the stock, which occurred on the 14th day of September, 1932. On page 248, and following the quotation above given, Judge CRANE says: " This case pertains to an executed contract for the purchase of stock which the plaintiff has disaffirmed within a reasonable time." If, as in this case, therefore, the plaintiff in that action became of age shortly after the purchase of the stock, this statement of the Court of Appeals would be equivalent to a declaration that, as a matter of law, three years was a reasonable time within which to disaffirm the contract. However, a reference to the record in the case discloses the following: The complaint alleged that the plaintiff was an infant when he purchased the stock in September, 1929, and, without disclosing when he became of age, merely alleges that he disaffirmed in September, 1932. The answer, without alleging any ratification, set up, in addition to a sort of a general denial, an allegation that the plaintiff fraudulently misrepresented his age. A motion was made to strike out this second defense, which was eventually done by the Appellate Division, and the question certified to the Court of Appeals, " Is the separate and distinct defense set forth in the answer herein sufficient in law? " Therefore, the question before the Court of Appeals was, solely, whether the defense of fraud was good, and the Court of Appeals answered that question in the negative. It will be observed that the question of ratification was not before the Court of Appeals as a question for its decision, and, on the pleadings, no such question was in the case. As the answer did not allege a ratification, of course the court was justified in making the statement that the plaintiff had disaffirmed within a reasonable time,

and in fact, for all that appears in the record, the plaintiff may have arrived at full age the day before the disaffirmance. We are, therefore, relieved from the necessity of considering whether the Court of Appeals intended to lay down the rule that a period of three years was a reasonable time for disaffirmance.

Returning to the case at bar, the plaintiff here became of full age substantially three months after making the purchase of the stock, and, from the time of his majority, waited three years lacking six weeks. I suppose that what would be a reasonable time in any given case would be a question of fact, not of law, unless the disaffirmance approached so nearly one extreme or the other as to make it unreasonable that the facts should be found except a certain way. Certainly three years in the case of a stock that probably was varying in price daily, would not be subject to that test. It is likely that what would. be a reasonable time would depend upon various circumstances, and one can hardly think of any situation where time was more of the essence than in the case of this stock deal. Considering the period in which the facts in this case transpired, it is plainly apparent that this plaintiff, after he arrived at man's estate, sat by waiting development of the stock market until all hope that prosperity was around the corner had vanished from the minds of the people at large.

I am of the opinion that this appeal presents the case of an executed contract, which had to be disaffirmed by the infant within a reasonable time after he became of full age, or his silence would constitute a ratification of his contract; that the period of substantially three years that this plaintiff waited after becoming of age before seeking to disaffirm his contract, was not, in the circumstances, a reasonable time, and that by his silence in the meantime he ratified his contract. As ratification was alleged in the answer and proved by the facts which have been above recited, the defendant should have had judgment. It, therefore, becomes unnecessary to consider whether the stock in another corporation, sent to the plaintiff, was the receipt of a dividend by him, or what its effect would be if it were considered a dividend. This court is not bound by the determination of the facts by the lower court, and its duty is to give the judgment which in its opinion should have been given below. The judgment appealed from, therefore, is reversed, with thirty dollars costs and disbursements, and the complaint is dismissed, with costs of the court below.