HERMAN PULCHER, Doing Business as PULCHER'S GARAGE, Respondent, *v.* MICHAEL QUALTIERE, Appellant.

County Court, Columbia County, April 30, 1946.

*Michael Le Sawyer* for appellant.

*John N. McLaren* for respondent.

CONNOR, J. The question presented upon this appeal is whether or not the repair of an automobile owned by an infant defendant is a necessity, for which the infant defendant is liable under contract. The courts of this State do not seem to have passed upon the subject. It has been held that the burden of proving that the subject of the contract is a necessity is upon the plaintiff and not upon the defendant (*Kline* v. *L'Amoureuk*,

2 Paige Ch. 419), and an infant living with his father who is able and willing to furnish him with everything suitable and necessary for his position in life, cannot make a binding contract for necessaries (*International Text Book Co.* v. *Connelly,* 206 N. Y. 188) ; that a dwelling house is not a necessity (*Allen* v. *Lardner,* 78 Hun 603); and that a bicycle is not a necessity (*Rice* v. *Butler,* 25 App. Div. 388).

Under such circumstances the court feels that the general rule prevailing in other States should be followed, which is to the effect that an automobile is not a necessary. (See *Forman* v. *Dickinson,* 177 Ark. 121; *Crockett Motor Co.* v. *Thompson,* 177 Ark. 495; *Meyers* v. *Hurley Motor Co.,* 273 U. S. 18; *Blomquist* v. *Jennings,* 119 Ore. 691.)

In Huddy's Encyclopedia of Automobile Law (Vols. 11–12 [9th ed.], § 205, p. 276) the author states: "An automobile usually is not regarded as a ' necessary ', under the rule that minors may be required to pay for necessaries of life."

For the above reasons the judgment appealed from should be reversed.