Lansing, Ch. J.
delivered the opinion of the court. There, seems to be some obscurity on the subject of the different acts of an infant, which of them shall be void or voidable only, and perhaps the best rule is to be found in Perkins, (Perk. 12,) which was adopted by the court of king’s bench in Zouch v. Parsons, (3 Burr. 1804,) which is, that all deeds of an infant which do not take effect by delivery of Ms hand are merely void, and. all such-as do take effect by delivery of his hand are voidable. 'The bond in this instance is of the' latter description, and is voidable only at his' election.(a) The remaining' question to be decided is Whether [*128] *under the circumstances of the case, he ought to be precluded from exercising that election.
We have no doubt of the principle adopted by the judge at the trial, that the disabilities of infants are intended to protect them from injury and imposition, and not to aid them in practices of fraud or collusion ; bu.t on consideration, we are of opinion, that its application to the conduct of the defendant in the case before us, so as to charge him with this debt would tend to endanger all the rights of infants, and ought not to be admitted: The bond in. this, case must be supported in toto, or not at all, and no decision can be found which carries the doctrine of fraud or its effects, in relation to in *153 fants at common law to this extent. The cases cited (2 Eq. Ca. Ah. 489 ; 9 Mod. 38 ; 9 Viner Ab. 415;) by the plaintiff are of a different description, and arose in a court of equity which, under the particular circumstances', was enabled to relieve against the fraud complained of without prejudice to the other rights of the infants, and without invading the general rules of law established in their favor.
Attempts to shake principles which have been sanctioned by the practice of ages ought to be well considered, before they receive the countenance of a court of justice. If an allegation like the present were ever permitted to destroy an infant’s right of avoiding contracts, not one’in a hundred of his contracts, would be placed in his power to avoid, for no-* thing would be easier than to prevail upon the.infant to make a declaration which might be shown as evidence of deliberate imposition on his part, though prompted solely by the person intended to be benefited by it.
When a question of infancy arises, and the infant is alleged to be still in his minority, it may be determined by inspection ; and if his appearance exhibits a sufficient legal criterion to decide the question, it ought also to be considered as sufficient to put a party who may be affected by it, upon inquiry from a different and competent source, and if he disregarded so obvious a precaution, he must submit to the legal consequences of his unguarded conduct.
*Upon the whole we are of opinion, that the evi- [*129] dence was improper, and that a new trial ought to be awarded.
New trial granted.

 Upon the general rule in regard to the voidable character of the deeds , of infants; Gillet v. Stanley, 1 Hill, 121. Bool v. Mix, 17 Wend. 119. Jackson v. Todd, 6 Johns. R; 257. Worcester v. Eaton, 13 Mass. R. 371. Boston Bank v. Chamberlin, 15 id. 220. Dearborn v. Eastman, 4 N. H. R. 441.