## BURKE v. NICHOLS.

### September, 1866.

Affirming 34 *Barb.* 430; S. C., 21 *How. Pr.* 459.

Where land is conveyed by metes and bounds, with covenants, and a building and fence, not specified in the deed, encroach on an adjoining lot, the eviction of the grantee from the part of the building and enclosure so encroaching is no defense to his liability for the purchase money. *

Lawrence Burke brought this action against Theodore P. Nichols, in the supreme court, to foreclose a mortgage given by defendant to plaintiff, for part of the purchase money of

* Compare York v. Allen, 30 *N. Y.* 104.

premises in New York city, conveyed by plaintiff to defendant by deed, conveying by metes and bounds, with full covenants. Defendant by answer set up that a part of the house and enclosure of the premises conveyed stood, over and upon an adjoining lot, not conveyed to defendant, and he claimed compensation for the breach of covenant thereby occasioned on the part of the plaintiff. On the trial the evidence to prove this averment, and the eviction of defendant from that part of the enclosure and building, was excluded as forming no defense. Plaintiff had judgment.

*The supreme court*, at general term, held, that conceding that such a claim could be set up as an offset in this action, of which the court expressed a doubt, yet it constituted no breach of covenant and gave no cause of action, since the deed to defendant did not purport to convey any building by description, but whatever right defendant had to the buildings on the land conveyed arose from the principle that a man who conveys a lot conveys everything standing on the lot and being affixed to the freehold, and that the rule gave him only title to so much of the building as stood on the lot conveyed.

Defendant appealed to this court. .

*G. P. Androus*, for defendant, appellant.—Plaintiff's deed operated to pass, of course, the whole premises as they stood at the time. Although the words " dwelling " or " house " thereon were not inserted, yet these words would neither enlarge nor diminish defendant's rights. These words are in fact inserted by the law. The conveyance of a lot and dwelling passes the overhanging projections. Plaintiff was liable on the covenants in the deed.

*John H. Reynolds*, for plaintiff, respondent.—The covenants in the deed relate to nothing that is not covered by the description of the land given in the deed, and this does not mention any dwelling house. It cannot be held that the conveyance apparently embraced so much of the dwelling house as was on the adjoining lot, as it must also have embraced so much of the adjoining lot as was occupied by the dwelling, and that portion of the lot must be held to have passed as an appurte-

nant to the lot conveyed. But this cannot be, for land does not pass as an appurtenant to land. Jackson *v.* Stryker, 1 *Johns. Cas.* 284; Jackson *v.* Hathaway, 15 *Johns.* 447; Lawrence *v.* Delano, 3 *Sandf.* 333. No action could have been maintained for the breach of any of the covenants in the deed, for the reason that the land in respect to which it is affirmed there was a failure of title, is not covered by the deed. Hathaway *v.* Powers, 6 *Hill,* 453. But if there was any breach of the covenants in the deed, the mortgagee being in possession could not resist a foreclosure of the mortgage. He must pay the mortgage debt and take his remedy on the covenants in the deed. Edwards *v.* Bodine, 26 *Wend.* 109; Miller *v.* Avery, 2 *Barb. Ch.* 582.

J. C. SMITH, J.—It is a familiar rule, that a grant of land *eo nomine,* conveys not only the ground or soil, but every corporeal thing which is attached to the earth, whether by the course of nature, as trees, herbage and water, or by the hand of man, as houses and other structures. *Co. Litt.* 4 *a* ; 3 *Kent Com.* 486. The defendant is, therefore, correct in claiming, that, under his deed from the plaintiff, his rights in respect to the dwelling-house and fence on the lot thereby conveyed, are the same as if such structures had been specifically mentioned in the grant. If the grantor had title to them, it passed by the deed; if he had not title to such structures, or any part of them, his covenant of seizin was broken, to that extent, and the defendant has a remedy for the breach.

But the rights of the defendant, thus acquired, do not extend to such parts of the house and fence as are attached to and rest upon the soil of the adjoining lot. Those structures, by the operation of the very principle upon which the defendant relies, are a part of the land on which they stand; and it is an acknowledged rule that land does not pass as an appurtenant to land. 15 *Johns.* 447; 3 *Sandf.* 333. The word " appurtenances," in a deed, will not convey any corporeal real property, but only incorporal easements, or rights and privileges. *Co. Litt.* 121; Buzzard *v.* Capel, 8 *Barn. & C.* 141; S. C., 9 *Bing.* 150. As the adjoining lot is not covered by the deed, the defendant has no claim against the plaintiff by rea-

son of failure of title to that portion of the house and fence which stands thereon.

· I am in favor of affirming the judgment.

All the judges concurred.

Judgment affirmed, with costs.