EDWARD O. WALSH, Executor of MARY FLINN, Respondent,
*v.* MILLIE POWERS, Appellant.

Where an infant purchases lands and subsequently, before his majority, sells the land, his retention of the proceeds of such sale after he comes of age, is not such an affirmance of his contract, as to render valid against him an obligation given by him as a consideration for the land.

Accordingly, where an infant buys land subject to a mortgage thereon, which, in and by the deed, she covenants to pay as a part of the consideration of the conveyance, and subsequently, but before she comes of age, she conveys the land to another (for a larger price), and retains and enjoys the proceeds of such sale for several years after she attains her majority,—*Held*, she nevertheless is not liable on her covenant to pay the mortgage.

Her appearance in a suit to foreclose the mortgage, as a party defendant, and a judgment of foreclosure against her in that suit, are no bar to her setting up her infancy as a defence in an action against her by her grantor to recover the amount of a judgment against him for the deficiency, which he had been obliged to pay.

Omissions and defects in a finding may be supplied by inferences in the appellate court in support ·of a judgment, but not the entire want of a finding, especially in the absence of evidence of the necessary facts in the . case.

(Argued October 13th, 1870; decided October 18th, 1870.)

APPEAL from the judgment of the General Term in the second judicial district affirming a judgment for the plaintiff ordered on a trial by the judge without a jury.

On the 20th of February, 1855, one Edward A. Walsh was the owner of a piece of real estate in the city of New York. On or about that day he gave a bond and mortgage upon it to one Whitehead to secure the payment of $3,596.

On the 20th of June, 1856, Walsh conveyed the property to the defendant for the consideration of $9,300; the defendant in the deed of conveyance assumed and agreed to pay the mortgage. · At the time the defendant took such conveyance from Walsh, she was but nineteen or twenty years of age. On the 21st of January, 1857, the defendant conveyed such property to one Brouwer for the consideration of $12,000; Brouwer also agreed to pay this mortgage.

On the 7th day of June, 1860, Whitehead commenced an action in the Supreme Court to foreclose the mortgage, and made the defendant a party by serving her with a summons and complaint, and notice of the object of the action.

The defendant appeared in that action by her attorney, and a judgment of foreclosure was entered therein on the 20th of July, 1860. The property was sold under such foreclosure, and on the 10th of September, 1860, a judgment was entered against Walsh for $1,504.04 deficiency.

On the 19th of December, 1866, Walsh paid this judgment for ·deficiency, and assigned his claim against the defendant to the plaintiff's testatrix, who commenced this

action on the covenant in the deed from Walsh to the defendant.

During all these transactions, the defendant was and still is a married woman. She is now the owner of several pieces of real estate in her own right, and has a separate estate. It does not appear that she had a separate estate at the time of conveyance to her.

The cause was tried by the court without a jury, and a judgment rendered for the plaintiff against the defendant, charging her separate estate with the amount of the judgment for deficiency. The judge found that the defendant was about nineteen or twenty years of age when she bought, but did not find whether she was of age when she sold to Brouwer. He did find, "that she retained the estate conveyed to her, and all benefits and proceeds thereof."

The defendant claimed that the plaintiff was not entitled to recover on the following grounds:

1st. Because at the time of this transaction the defendant was a married woman.

2d. Because at the time she took this deed, and entered into the covenant upon which this action was brought, and at the time she sold the property, she was an infant under the age of twenty-one years.

On appeal to the General Term, the judgment was affirmed, Mr. Justice LOTT dissenting from the majority of the court on the question of the ratification of the contract in question.

*Ira D. Warren,* for the appellant, upon the points discussed by the court, cited *Voorhees* v. *Voorhees* (24 Barb., 150); *Urban* v. *Grimes* (2 Grant's Cases, 96); *Bigelow* v. *Gravins* (2 Hill, 120); *Goodsell* v. *Meyers* (3 Wend., 479); *Millard* v. *Hewett* (19 Wend., 301); *Everson* v. *Carpenter* (17 Wend., 422); *Wakeman* v. *Sherman* (5 Seld., 91); *Chandler* v. *Glover* (32 Penn. St. R., 509); *Hodges* v. *Hunt* (22 Barb., 150); *Tucker* v. *Moreland* (10 Peters, 88); *Watkins* v. *Stevens* (4 Barb., 175); *Smith* v. *Mayo* (9 Mass., 62); *Ackley* v. *Dygert* (33 Barb., 177); *Proctor* v. *Sears* (4 Allen, 95); 2 Kent, 9th ed., p. 264, note 3 and cases.

*Samuel Hand*, for the respondent, upon the same points, cited *Henry* v. *Root* (33 N. Y., 543); *Lynd* v. *Budd* (2 Paige, 191); *Kitchen* v. *Lee* (11 Paige, 107); *Wood* v. *Gosling* (1 N. Y. Leg. Obs., 74); *Lock* v. *Smith* (41 N. H., 346); *Kline* v. *Beebe* (6 Conn., 494, and cases there cited); *Holmes* v. *Blogg* (8 Taunt., 35); *Hastings* v. *Dollarhide* (24 Cal., 195); *Badger* v. *Phinney* (15 Mass., 359); *Bartholomew* v. *Finnemore* (17 Barb., 428); *McCormick* v. *Leggett* (8 Jones, Law, 425); *Pursley* v. *Hays* (17 Iowa, 311); *Boody* v. *McKenney* (10 Shep., 524); *Bryden* v. *Bryden* (9 Metc., 519).

ALLEN, J. The infancy of the defendant at the time of the alleged undertaking upon which the action is based, appears by the record as found by the judge at the trial upon the evidence. The obligation was therefore voidable at her option, and the action cannot be maintained unless ratified and affirmed after she attained her majority; and the onus of showing such ratification was upon the plaintiff. A continuance in possession of the premises, the conveyance of which constituted the consideration of her contract, and a sale of the same by her after she became of age, would have been an affirmance of the transaction by which she acquired the title, and entitled the plaintiff to recover in the action. (*Lynde* v. *Budd*, 2 Paige, 191; *Henry* v. *Root*, 33 N. Y., 526; *Bryden* v. *Bryden*, 9 Met., 519.)

So, too, the retention of the property, and an omission to disaffirm within a reasonable time after arriving at the age of twenty-one years, would have operated as an affirmance of the contract, and been an answer to the defence of infancy. (*Kline* v. *Beebe*, 6 Conn., 494; *Cecil* v. *Salisbury*, 2 Vernon, 324.) An infant will not be permitted to retain property purchased by her, and at the same time repudiate the contract of purchase. (*Kitchen* v. *Lee*, 11 Paige, 107.) But in this case, although the fact of infancy at the time of the alleged contract is expressly found, which entitled the defendant to a judgment, unless by some act, after she became of

age, she had ratified and affirmed the contract, no such act is found. The affirmance of the contract, as suggested, was a fact to be proved by the plaintiff, and to be affirmatively found by the judge, to avoid the defence of infancy clearly established. While every intendment will be in support of a judgment, and nothing will be taken by inference against it upon appeal, this court cannot infer or assume the existence of a fact lying at the foundation of the action, in the absence of any finding upon the subject, or evidence warranting such a finding. Omissions and defects in a finding may be supplied by inference, but not the entire want of finding, in the absence of evidence of the necessary fact appearing in the case. This defence of infancy is established by the decision and findings of the judge, with no fact in avoidance of it. It is true that the judge, as "a conclusion of law, finds that the acts of the defendant, after reaching the age of twenty-one years, were a ratification of the obligation," etc. But he does not find any act to have been performed by her after that period, except the appearance by an attorney in the action to foreclose the mortgage; nor does he find that by her acts she ratified the contract after becoming of age, even if such finding, without specifying the particular acts relied upon, would have been sufficient; and neither the evidence nor the findings and statements of the judge show that the defendant had attained her majority at the time of the sale of the premises by her. Indeed, the inference from the case is rather adverse to such a conclusion. A possession or retention of the fruits of her sale after she became twenty-one years of age, if such fact was clearly established, was not an act in affirmance of the contract with the plaintiff's testator. It was not the exercise of any control over the property conveyed. A tender of payment by her to her grantor, or his representatives, of the moneys received by her, would not have been a disaffirmance of the contract.

The appearance in the foreclosure suit was not an act tending to ratify her obligation. She was not called upon to interpose the defence of infancy in that action. It would

have been unavailing for any purpose. The question could not have been tried, and was not material to any issue that could have been formed there.

The judgment must be reversed and a new trial granted, costs to abide the event.

All the judges concurring, judgment reversed and new trial ordered.