## THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* JOHN KELLY, APPELLANT.

*Evidence — a defendant cannot be convicted upon his confession alone — Code of Criminal Procedure, sec.* 395 *— right of a minor to rescind a contract.*

The defendant, a minor nineteen years old, on June 27, 1884, executed and delivered to one Conderman a written instrument by which he assigned all right, title, interest and claim to the wages or salary that might be due him from a railroad company for services as an employee thereof during the month of June of that year. Upon the trial of the defendant for larceny witnesses testified that the defendant had admitted to them that he drew the money from the company and spent it while drunk in Buffalo.

*Held,* that under section 395 of the Code of Criminal Procedure this evidence, being simply the confession of the defendant, did not warrant his conviction, no additional proof of the commission of the crime charged having been given.

*Quære,* as to whether the right of the defendant to disaffirm the contract, he being a minor, did not prevent his being convicted of larceny.

APPEAL from a judgment of the Court of Sessions of Steuben county, entered upon a conviction of the defendant of the crime of larceny.

*Beard & Griffin,* for the appellant.

*I. W. Near,* district attorney, for the respondent.

HAIGHT, J.:

The defendant was a minor of the age of nineteen years. On the 27th day of June, 1884, he executed and delivered to Fred. S. Conderman an assignment in writing of all right, title and interest and claim to the wages or salary that may be due him from the New York, Lake Erie and Western Railroad Company, for services as employee of the company during the month of June, 1884, for which assignment Conderman paid him the sum of forty-four dollars and thirty cents. Upon the trial Conderman testified that he had a conversation with the defendant the latter part of July, and defendant told him that he drew his money in Buffalo and spent it. James Trenchard also testified upon the trial on behalf of the people that he had a talk with the defendant after he was arrested and in the lockup, in which the defendant said to him that he got in with a lot of boys, got on a

drunk, went to Buffalo and spent the money; he said he drew the money himself. The witness also testified that he had another conversation with him in the jail, at Bath, and that he gave as a reason why he did not pay it over to Conderman that he spent it all and was sorry he did. This is substantially all the evidence given on behalf of the people. At the close of the evidence, on the part of the people, the defendant moved that he be discharged upon the ground that there is no proof that the defendant had received the money or had disposed of any money, except by his own confession. This motion was denied, and the defendant excepted.

Section 395 of the Code of Criminal Procedure provides that "a confession of a defendant, whether in the course of judicial proceedings or to a private person, can be given in evidence against him, unless made under the influence of fear produced by threats, or unless made upon a stipulation of the district attorney that he shall not be prosecuted therefor; *but is not sufficient to warrant his conviction without additional proof that the crime charged has been committed.*"

We here have an express statutory enactment to the effect that the confession of the defendant shall not be sufficient to warrant his conviction without additional proof that the crime charged has been committed. In the case under consideration we have no such additional proof. It is contended on the part of the people that the written assignment introduced in evidence furnishes such additional proof, but this we do not think is the case. The only thing that the written assignment tended to prove was that Conderman had become the owner of the defendant's wages for the month of June. It did not tend to prove that the defendant had performed any services for the railroad company, or that the railroad company owed him anything for services performed. It did not tend to prove that the defendant subsequently collected from the railroad company the money due him for services, or that he converted the same to his own use. The paper, therefore, did not prove that the crime of larceny had been committed, and consequently did not furnish the additional proof required by the statute. Suppose that B should be indicted for stealing a horse owned by A.; upon the trial

A. should have been sworn as a witness, and testified that he was the owner of a horse, describing it, but did not testify that the horse had been stolen or taken from him without his consent. The confession of B. that he had stolen the horse would not be sufficient to authorize his conviction, for the reason that there was no additional proof that the crime had been committed. The evidence of A. only related to his ownership of the animal, and did not tend to show that it had been stolen. Take a person charged with the crime of murder. In order to warrant a conviction proof must be given to show that a human person in being had been killed. Evidence that the person alleged to have been killed was known to the witness; that he was alive and well on the day before it was alleged he was killed, would not be sufficient. Whilst it would tend to establish that there was such a person in being, it would not tend to establish an unlawful killing. Consequently other evidence tending to establish the *corpus delicti* would be necessary in order to warrant a conviction upon the confession of the person charged. In the case of *The People* v. *Humphrey* (7 Johns., 314), the prisoner was charged with the crime of bigamy. It was held that the marriage must be proved; that a confession of the prisoner was not sufficient.

Again, a serious question is presented growing out of the fact that the defendant in this case was a minor. The assignment of his wages was voidable, and he had the right at any time to disaffirm the contract, and in disaffirming the contract he would be guilty of no crime. (*Chapin* v. *Shafer*, 49 N. Y., 407; *Green* v. *Green*, 69 id., 553; *Walsh* v. *Powers*, 43 id., 23.)

If, at the time he made the assignment and procured the money thereon from Conderman, he did it with the criminal intent to cheat and defraud Conderman, and with the intention at that time of subsequently disaffirming the contract and collecting the money from the railroad company, he doubtless would be guilty of a crime; but he is not indicted for having procured the forty-four dollars and thirty cents from Conderman by reason of the assignment, with the intent to defraud him of his property, etc., but is indicted for having in his possession, as the servant or agent of Conderman, the sum of fifty dollars, which he converted to his own use with intent to defraud, etc.

We are of the opinion that the judgment and conviction should be reversed and a new trial ordered, and for that purpose the proceedings should be remitted to the Court of Sessions of Steuben county.

SMITH, P. J., BARKER and BRADLEY, JJ., concurred.

So ordered.