### BURDETT and another *v.* WILLIAMS and others.

*(District Court, D. Connecticut. May 4, 1887.)*

1. INFANT—CONTRACTS—AVOIDANCE—MISREPRESENTATION OF AGE—ESTOPPEL.
   A minor's fraudulent misrepresentation to a shipping commissioner for a vessel that he is of age, does not estop him from avoiding his written contract for compensation, and recovering pay on a *quantum meruit.*[1]

[1] An infant who secures and retains personal property of an adult, who has acted in good faith and exercised care and diligence, on a contract obtained by a false representation that he is of full age, is liable for the value of the property on account of his fraud. Rice v. Boyer, (Ind.) 9 N. E. Rep. 420. In such a case, the fraud justifies the rescission of the sale; and if the infant has disposed of the goods, his vendor can replevy them, unless the infant's vendee can show that he was a *bona fide* purchaser. Neff v. Landis, (Pa.) 1 Atl. Rep. 177. But in an action in the nature of *assumpsit* to recover the value of goods, not necessaries, sold and delivered to an infant, he is not estopped to set up his infancy as a defense by the fact that, at the time of the sale, he represented himself to be of age, and the goods were sold to him on the faith of such representations. Conrad v. Lane, (Minn.) 4 N. W. Rep. 695. The officer taking the acknowledgment of a deed is not an agent of the vendee so as to render a representation in a minor's presence to the officer taking the acknowledgment of a deed of which she was a grantor, that she is of age, the grantee not being present, a false representation of her age to the grantee, that will estop her from avoiding the contract and suing to set aside the deed; neither is there any presumption that the grantee took the property on the implied representation that she was of age. Vogelsang v. Null, (Tex.) 3 S W. Rep. 451.

2. SAME—RATIFICATION.

Four months after coming of age a minor filed a petition to become co-libel-ant in a libel by certain seamen of a vessel, under their written contract for wages, in which petition nothing was said in regard to his minority. It ap-peared that he was neither intelligent nor provident, but that having heard that his associates had brought a suit for wages, obtained the services of the law-yer who was acting for the rest. *Held*, that there was not sufficient evidence of intelligent action to show a ratification of the contract.

In Admiralty. Libel *in personam* to recover seamen's wages.
*E. L. Barney*, for libelant.
*Samuel Park*, for respondents.

SHIPMAN, J. Thomas J. Kelly, a seaman, filed his petition on Feb-ruary 10, 1886, to become a co-libelant in the above-entitled case. *Bur-dett* v. *Williams*, 27 Fed. Rep. 113. On January 20, 1887, he amended his petition, and alleged that he was a minor when the shipping articles were signed, and when the voyage ended, and prayed for a reasonable compensation for his services. He was born October 8, 1864, and be-came of age four months before his original petition was filed. When he agreed to ship, he told the shipping commissioner in the city of New York that he was of age. He was on board the Era 17½ months, and, if no contract had been made with the owners, wages at the rate of $18 per month would be a proper compensation upon a *quantum meruit*. He made no demand for wages at the end of the voyage. His fraudulent misrepresentation to the shipping commissioner does not estop him from avoiding his written contract in regard to compensation. *Conroe* v. *Bird-sall*, 1 Johns. Cas. 127. I do not find that he affirmed the contract by his petition to become a co-libelant, which was filed four months after he became of age, and in which nothing was alleged in regard to his minority. He is not an intelligent or a provident person. He is a sailor who, having heard that his associates had brought a suit for wages, ob-tained the services of the same lawyer who was acting for the rest, and probably made no other statement of his case. In order to find a ratifi-cation within four months after a person had attained his majority, there should be more evidence of intelligent action than there is in this case.

He is entitled to wages for 17½ months, at $18 per month, less the sum of $105.31 received by him from the owners, the balance being $209.67, with interest from January 20, 1887, and costs upon the amended peti-tion from the same date. *Gammell* v. *Skinner*, 2 Gall. 45; *Rensselaer Glass Factory* v. *Reid*, 5 Cow. 587.