WILLIAM YOUMANS, Respondent, *v.* JULIA D. FORSYTHE, Appellant.

*Evidence — expressions of the court as to issues subsequently referred — affirmance by an infant after majority.*

An action was brought for the specific performance of a contract relating to real estate, for an accounting of its rents and profits and for damages for loss or injury to certain personal property. After the trial had proceeded to some extent, the trial justice made some statements of conclusions which he had reached, saying, among other things, that in his opinion the count for specific performance was not made out. He commented upon other issues of the case and then referred all the issues except the one as to specific performance, which the order of reference expressly declared to have been decided by the court in favor of the defendant.

Upon the trial before the referee he admitted in evidence what was alleged to be a copy of the remarks made by the justice in referring the case.

*Held,* that such admission was erroneous;

That, if this so-called opinion of the court, expressing opinions in regard to some of the issues which had been referred, had been sufficiently authenticated to be admitted in evidence, it would have been inadmissible;

That it was calculated to affect the decision of the referee, and the error committed in admitting it required a reversal of the judgment entered upon the referee's report.

Where an infant goes into possession of property which she has purchased, and upon her majority ratifies the contract of purchase thereof, and remains in possession, she is liable upon the contract.

APPEAL by the defendant, Julia D. Forsythe, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chenango on the 27th day of July, 1893, upon the report of a referee.

The appeal book discloses that the issues in this action were brought to trial before a Special Term of this court December 16,

1890, and that after the case was partially tried the following order was made and entered : " The above-mentioned action at issue and being No. 18 upon the calendar of this court at the above-mentioned term, and the same having been reached and brought on for trial at said term, and the issues herein relating to the demand in the complaint for specific performance therein alleged having been tried at this term before the justice above named, and a decision having been reached and rendered by this court in favor of the defendant against the plaintiff upon the question of specific performance mentioned in said complaint, and the parties hereto in open court consenting that all the other issues herein should be referred as hereinafter stated, it is hereby ordered that this action and the issues therein, except such as have been heard and decided by the court as above set forth, be, and the same hereby are referred to Hon. Joseph Mason, counselor at law, to hear, try and determine the same."

Under and in pursuance of this order, the case was tried before the referee named, who found in favor of the plaintiff and directed a judgment in his favor for $1,578, with interest from the 1st day of June, 1893, besides costs.

A part of the relief sought by the complaint was damages for the conversion of certain personal property or diminution in its value.

*W. B. Matterson* and *A. F. Gladding*, for the appellant.

*W. & G. W. Youmans*, for the respondent.

MARTIN, J. :

While there was a sharp and direct conflict in the evidence in this case, yet, we are inclined to the opinion that it was sufficient to justify the referee in finding that the plaintiff purchased the farm and personal property in question for the defendant, in pursuance of her agreement that she would purchase the same from him at the price paid by him therefor, take title to the same, give him a bond and mortgage to secure the payment of the purchase price, and assign and transfer to him her interest in the estate of Henry Johnston, deceased, as collateral security therefor, and in finding that the defendant, after she became twenty-one years of age, with a full knowledge and understanding of all the matters involved, ratified

and affirmed such contract, and agreed to execute the same upon her part by giving the security mentioned. We are also of the opinion that the evidence justified the referee in finding that the defendant went into the possession of the property, real and personal, under such agreement, and had the use and benefit of it until she left the premises in May, 1890. The defendant having thus affirmed this contract after she became of age, she could not retain the benefits of it and yet plead infancy to avoid her liability therefor. (*Henry* v. *Root,* 33 N. Y. 526; *Aldrich* v. *Funk,* 48 Hun, 380; *Walsh* v. *Powers,* 43 N. Y. 26; *Beardsley* v. *Hotchkiss,* 96 id. 201; *Kincaid* v. *Kincaid,* 32 N. Y. Supp. 476; S. C., 85 Hun, 141.)

On the trial of this action before the referee, the plaintiff offered in evidence a paper which was called the opinion rendered on the trial before Mr. Justice SMITH, which was as follows: "The Court: There is only a single question here, and I have my ideas firmly established on that question. I think I shall have to find that there was this agreement made between the plaintiff and defendant, that she was to buy the farm and give this claim as security. But as to what she has said since she became of age, the difficulty is that she has evaded a ratification of this contract, so in my opinion there is no sufficient ratification to compel a specific performance of the contract, and I think this action comes right down to action of accounting. I think there should be an accounting taken of the rental value of this property and an accounting for the property. I think this defendant was liable after she became of age; but as to the time before that I would not pass upon that without looking at the law in regard to it. That is, as to whether she, having had the benefit of the property, is not liable for it. I suggest that this action be referred to some good reference to hear, try and determine; and I assume that the referee would adopt the ruling of the court, that there could be no specifie performance of this contract; and it would be an action for an accounting in which the plaintiff could have her counterclaim determined, and that can be brought up before the referee. I think the defendant could have the costs of their witnesses here on the equity question. The parties in open court consent to a reference to hear, try and determine, they to agree upon a referee, and if they cannot agree the court will appoint. The court has determined, however, that the plaintiff is

not entitled to his specific performance of the contract claimed in the complaint, which question is withdrawn from the consideration of the referee, and all the other questions are referred to him. The plaintiff must pay the defendant the disbursements of this term, that is, the witness' fees."

This paper was "objected to as incompetent, immaterial, and no foundation laid for it, and as not bearing upon the issues here ; that the issues in this action before this referee are defined and determined by the pleadings and the order of reference ; also as hearsay and not within the issues and not controlling upon this court and referee." These objections were overruled and the defendant excepted.

We do not see how this ruling can be sustained. There was no proof that the paper was even what it purported to be, and consequently there was no foundation laid for its admission even if under any circumstances such a paper would be admissible. The most that can be claimed for this paper is that it contained an expression of the opinion of the trial justice upon the questions at issue, so far as they had been tried before him. It is manifest from the disposition made of the case that it had not been fully tried, so that it was at most his opinion upon a partial presentation of the evidence to him. How such an opinion could be admissible in evidence before this referee, we are unable to perceive. The only question the justice had decided was that a specific performance of the contract could not be had. All the other issues made by the pleadings were referred to the referee to hear and determine. We do not perceive why the opinion of any other judge or lawyer who was acquainted with the facts would not have been as admissible as this. It cannot be said that this error was harmless. This paper purports to contain a statement by the trial justice that there was an agreement between the plaintiff and defendant that she was to buy the farm and give this claim as security, and that she was liable for the property and the rental value of it after she became of age. These were vital and seriously contested issues which were being tried before the referee, and upon which the evidence was slight and contradictory. To say that the opinion of a justice of this court upon such a question would have no influence upon the mind of a referee is according to such opinion less importance than naturally

would be given to it.  It may well be that the referee felt bound to yield to the opinion of the learned trial justice upon those questions, and did not exercise that independent judgment that he otherwise would.  We think the referee erred in admitting this evidence, and that for such error the judgment should be reversed.

The appellant presents several other questions which relate to the amount rather than to the plaintiff's right of recovery, but, as the judgment must be reversed for the error already pointed out, we deem it unnecessary to examine those questions, as it is reasonable to suppose that none of them that have merit will arise upon a retrial of this action.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment reversed upon the exceptions, and a new trial ordered, with costs to abide the event.