(90 Misc. Rep. 403)

GROTENSTEIN v. KAPLAN.

(Supreme Court, Appellate Term, Second Department. March 22, 1915.)

EASEMENTS ⊙�longrightarrow16—CREATION—IMPLIED RESERVATION.

Where the owner of two adjacent lots, after constructing a building which encroached on the unimproved lot, sold it, there was an implied easement in favor of the property retained, the burden being apparent, continuous, and necessary; and hence a purchaser from the owner's grantee cannot question the title.

[Ed. Note.—For other cases, see Easements, Cent. Dig. § 43; Dec. Dig. ⊙�longrightarrow16.]

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Action by Morris Grotenstein against Abraham Kaplan. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued March term, 1915, before VAN SICLEN, MADDOX, and CLARK, JJ.

Simon & Weinstein, of Brooklyn (A. H. Simon, of Brooklyn, of counsel), for appellant.

Forrest S. Chilton, of Brooklyn, for respondent.

VAN SICLEN, J.  Appeal from a judgment upon the merits in favor of defendant after trial before the court without a jury upon written pleadings.

The action is brought by the plaintiff (purchaser) against defendant (seller) to recover moneys paid on account of and expenses growing out of a contract dated July 30, 1914 (Plaintiff's Exhibit 1), whereby defendant agreed to sell and plaintiff agreed to buy real property, consisting of two houses, located on the west side of Christopher street, 125 feet north of Pitkin avenue, Brooklyn, and a subsequent supplementary agreement, dated September 26, 1914 (Plaintiff's Exhibit 2), providing, at the option of the seller, he would make application to the T. G. & T. Co. to divide the mortgage of $5,000, covering the entire property, into two mortgages of $2,500 each, to cover one-half of the whole plot.  Plaintiff caused a search to be made by the T. G. & T. Co., and upon its search refused to take title, upon the ground that the building on the property to be conveyed encroached upon the adjoining parcel, which was the other half of the whole plot. Tender was made of the balance of the purchase price, and demand was made for return of moneys paid on account of the contract, together with expenses amounting to $472.50.  The survey (Plaintiff's Exhibit 3) is conceded to be correct, and shows that the building to be conveyed encroaches upon adjoining lot to the extent of several inches.  The question in the case was whether this encroachment warranted a rejection of the title or in effect made it unmarketable.

The contract called for a deed containing the usual full covenants and warranty, and that the seller shall give and the purchaser accept a title such as any title company will approve and insure.  No point is made of this phase of the contract.  The defendant, while admitting the encroachment, claims that the two plots were commonly owned by one Edelson, and that the unimproved plot was conveyed first, and that under the doctrine of implied reservation that conveyance was burdened with an easement running for the benefit of the improved plot.  See Berkman v. Klein, 97 App. Div. 15, 89 N. Y. Supp. 624; Wilhelm v. Federgreen, 2 App. Div. 483, 38 N. Y. Supp. 8, affirmed 157 N. Y. 713, 53 N. E. 1133.  A stipulation was apparently entered into, showing the chain of title and the common ownership; but the same does not appear in the record, although reference thereto is made at page 13 of the stenographer's minutes.  Both parties agree, however, that there was common ownership up to March 4, 1913, when Edelson conveyed the unimproved portion of the premises.  There was no express reservation of an easement in this conveyance.  The improved portion of the premises were conveyed by Edelson to the defendant in August, 1914.  The question now is whether the unimproved plot is a "servient estate," subject to or burdened with an easement appurtenant to the dominant or improved estate.  If an easement has been legally created in favor of the improved plot, then, of course, there could be no objection to the title, and the owner of the improved plot would always have the right to maintain the building thereon in its present location.

A review of the authorities discloses some divergence. A careful discussion of same appears in Hill v. Bernheimer, 78 Misc. Rep. 472, 140 N. Y. Supp. 35. The rule to be followed appears to be that, where the owner of two parcels of land conveys one by an absolute deed, an easement will be implied in favor of the land retained only in case. the burden is *apparent, continuous, and strictly necessary* for the enjoyment of the dominant estate; that is, that reservations of easements should be made in the conveyance, and will not be implied, except in rare cases. Wells v. Garbutt, 132 N. Y. 430, 30 N. E. 978; Paine v. Chandler, 134 N. Y. 385, 32 N. E. 18, 19 L. R. A. 99; Lathrop v. Lytle, 84 Misc. Rep. 161, 145 N. Y. Supp. 906; Baumann v. Wagner, 146 App. Div. 191, 130 N. Y. Supp. 1016. In the case at bar, therefore, in order to support the judgment of the court below, we must find that the encroachment became a burden upon the unimproved plot, and that it is apparent, continuous, and strictly necessary for the enjoyment of the improved plot or dominant estate. An examination of the evidence shows that the encroachment is apparent and continuous, being such as could have been readily discovered upon an inspection and measurement. It remains to be determined whether or not it is strictly necessary. Under the authorities this must be more than mere convenience; it must be reasonable and applicable to implied reservations, as distinguished from implied grants. This rule, as applied to the case at bar, means that the court must determine whether the reasonable use of the improved plot requires that the encroachment continue as a burden on the adjoining plot. The facts here would seem to predicate an absolute physical necessity because the encroachment could be obviated and the easement foregone only by tearing down the side of the building which encroaches and the wall which supports it. The judgment below apparently is right, and the plaintiff was in error in rejecting title.

Judgment affirmed, with costs. All concur.