SAMUEL SAXE, Respondent, *v.* GRANT E. NEIL, Defendant, Impleaded with PAULINE NYGREN NEIL, Appellant.

Fourth Department, November 2, 1927.

**Bankruptcy — assignee of accounts of bankrupt — action by assignee to recover purchase price of coat bought from bankrupt — error to admit bill of sale of account by trustee without preliminary proof — defense of infancy — burden is on plaintiff to show ratification after termination of infancy.**

The plaintiff seeks, as the assignee of the accounts of a bankrupt, to recover the purchase price of a coat alleged to have been purchased by the defendant from the bankrupt. It was error for the court to admit in evidence a bill of sale of the account from the alleged trustee in bankruptcy without the preliminary documentary proof that the person who signed the bill of sale was duly appointed trustee in bankruptcy, and without proof that the signature to the bill of sale was that of the duly appointed trustee. The bill of sale, in itself, without such preliminary proof, did not establish *prima facie* title in the plaintiff.

It being admitted in the pleadings that the defendant was an infant at the time of the alleged purchase, the burden was upon the plaintiff to establish that the defendant ratified the contract after she arrived at the age of twenty-one years, since the action is upon an express contract and not to recover the reasonable value of the coat upon the ground that it was a necessity.

APPEAL by the defendant, Pauline Nygren Neil, from a judgment of the County Court of the county of Chautauqua, entered in the office of the clerk of said county on the 18th day of February, 1927, affirming a judgment of the City Court of the city of Jamestown in favor of the plaintiff and against said appellant.

*Grant E. Neil*, for the appellant.

*P. S. Guinnane* [*George J. Nier* of counsel], for the respondent.

HUBBS, P. J. This is an action to recover the purchase price of a fur coat. It is alleged in the complaint that after the alleged sale the seller was declared a bankrupt, and its assets were duly sold at public auction, and that the plaintiff purchased the claim

against the defendant here in question and is now the owner thereof. The answer of the defendant denies such allegation. At the trial the plaintiff was permitted to testify that he purchased the bankrupt's accounts and to introduce in evidence a bill of sale of the same upon which appeared the name of the trustee in bankruptcy. No evidence was offered showing that it was in fact his signature or to establish any of the proceedings leading to the trustee's appointment. In fact, it does not appear that the person who signed the bill of sale was ever appointed trustee in bankruptcy. The evidence was duly objected to and the objections overruled.

The ownership of the account being denied in said defendant's answer, it was incumbent upon the plaintiff to offer proof of such ownership. The receipt of the bill of sale in evidence was error, and when received it did not establish *prima facie* the plaintiff's title to the claim in question. (7 C. J. 268; Reynolds Tr. Ev. 192; *Van Slyke* v. *Huntington*, 265 Fed. 86; Abb. Tr. Ev. [2d ed.] 12.)

The fact that one is a trustee in bankruptcy cannot be proved by parol. (22 C. J. 1009.)

There being no competent evidence that the plaintiff was the owner of the claim, the judgment must be reversed. It is conceded that said defendant, at the time of the sale, was an infant. Her answer sets up the fact of infancy as a defense. It being admitted that the defendant was an infant at the time of the sale, the burden of proof was upon the plaintiff to establish that the defendant ratified the contract after arriving at the age of twenty-one years, as the action as tried is upon the express contract and not for the reasonable value of the coat upon the ground that it was a necessity. (*Walsh* v. *Powers*, 43 N. Y. 23.) It is doubtful if there is sufficient evidence in the record to raise an issue of fact upon the question of ratification, but as additional evidence may be introduced upon a new trial it need not be passed upon on this appeal.

The judgment should be reversed upon the law and a new trial granted in the City Court of the city of Jamestown, N. Y., with costs to the appellant to abide the event.

All concur. Present — HUBBS, P. J., SEARS, CROUCH, TAYLOR and SAWYER, JJ.

Judgment of County Court and judgment of Jamestown City Court reversed on the law and a new trial granted in the City Court, with costs to appellant to abide event.