IRENE WHITMAN, Plaintiff, *v.* HOME GUARDIAN COMPANY OF NEW YORK, Defendant.

Supreme Court, Madison County, December 31, 1929.

*Searl, Cole & McElroy*, for the plaintiff.

*R. D. Woolsey*, for the defendant.

SENN, J. This is an action to recover payments made by the plaintiff on a contract signed October 1, 1925, wherein the plaintiff purchased of the defendant six lots on Lake Oneida beach, " with

buildings and improvements thereon " for the sum of $3,500, payable in specified installments, also to recover moneys expended in the improvement of the premises.

At the time of the purchase the plaintiff was nineteen years of age, living with her father on the premises sold to her which he had previously purchased of the Home Guardian Company on contract, and, not having completed the payments, a new arrangement was made by which the daughter became the purchaser.

Plaintiff became twenty-one years of age on July 28, 1927, and served notice of disffirmance of the contract on the defendant July 26, 1928. From the time of the purchase in 1925 until about the time of her marriage in November, 1927, the plaintiff, with the aid of her father, used the premises in conducting a tea room, selling and serving various refreshments. The business proved unprofitable.

Without going into further details, the plaintiff, after coming of age, continued in the possession, occupancy, control and management of the premises for practically a year under circumstances and to an extent which in my opinion amount to a confirmation of the contract and precluded her from disaffirming it. (*Delano* v. *Blake*, 11 Wend. 85; *Henry* v. *Root*, 33 N. Y. 526; *Youmans* v. *Forsythe*, 86 Hun, 370.)

It is true that the courts have distinguished between executed and executory contracts as to what may constitute a ratification and that the contract in question was in a sense executory (See Words & Phrases, title, Executory Contracts), but in so far as it concerns the principle here involved, it is a distinction without a difference, for the plaintiff was in possession and the defendant held the title in trust for her. It is the exercise of ownership and not the mere technical title which constitutes ratification.

It is further claimed that the dwelling house on the premises encroached on other land.

The lots included in the contract in question are a part of a tract known as Oneida Lake beach. The lot alleged to be encroached on is lot No. 199 of the same tract. At the time when the contract was made and when the action was tried defendant was the owner of lot No. 199.

Under the authority of *Grotenstein* v. *Kaplan* (90 Misc. 403, App. Term, Second Dept.) the plaintiff would have the right to maintain the building in its present location. In other words, lot 199 is subject to an easement in favor of the lot on which the building stands and, therefore, there could be no objection to the title. It does not follow, however, that plaintiff could refuse title, even though defendant did not own the land encroached on.

In *Burke* v. *Nichols* (1 Abb. Ct. App. Dec. 260) it was held that where land is conveyed by metes and bounds, a covenant of seizin is not broken by the fact that part of the house encroached on adjoining land.

*Stearn* v. *Hesdorfer* (9 Misc. 134, 135) was a case of a conveyance by metes and bounds, with the words " with the buildings and improvements thereon erected." Covenants of seizin were held not broken because building encroached on adjoining premises.

In *Griffiths* v. *Morrison* (106 N. Y. 165), a case where the grantor owned the land encroached on, it was held that a conveyance of the buildings and improvements on the land conveys only that part of the buildings which is on the land described.

While there is some diversity of authority on the general proposition, it is quite clear that, in the circumstances of this case, the encroachment does not constitute a ground of rescission of the contract by the plaintiff.

The complaint must be dismissed, with costs. It follows that the equitable counterclaim for possession of the property by the defendant must be allowed. But this is on the condition that plaintiff have thirty days' time, after entry of the judgment, and notice of entry, to make the payments unpaid in the contract, and when so paid or tendered, the defendant shall tender her a deed of the premises sold free and clear from any claim for encroachment on adjoining land of building on the land sold.

Submit judgment accordingly.