WASHINGTON STREET GARAGE, INC., Appellant, *v.* FRANK MALOY, Respondent.

Fourth Department, July 1, 1930.

*Emmet H. Ross* [*Alton R. Erickson* of counsel], for the appellant.

*McKinley L. Phillips*, for the respondent.

TAYLOR, J. On July 30, 1926, defendant purchased an automobile of plaintiff, turning in to apply on the purchase price an automobile of the agreed value of $115, and paying $30 in cash sometime between the date of the contract and February, 1927. Defendant became twenty-one years of age August 3, 1928. He testified that shortly after he purchased the car he said to Mr. Frick, plaintiff's manager, " that the car wasn't what I bought it for and that if I could return it and get my note back. He said no, that when they wanted it they would send the sheriff after it and sell it and garnishee my wages." Defendant's claim as to any " disaffirmance " while he was an infant rests entirely upon this statement.

It does not sustain the claim. Defendant used the car after this until he became of full age, but not afterward. At the time the car was bought defendant gave plaintiff a note for the balance due. After defendant's statement to plaintiff, quoted above, defendant on February 28, 1927, executed and delivered to plaintiff a renewal note for $205. In the summer of 1928 (as testified to by Mr. Frick without contradiction) defendant promised to make a payment on the car. It does not appear that this was after he became of full age.

This action is upon the renewal note for $205. The complaint was verified December 6, 1928. An answer was served, verified January 4, 1929, in which defendant pleaded infancy and counter-claimed for the value of the car he turned in ($115) and the $30 paid in cash. The jury found a verdict for defendant in the full amount of his counterclaim.

This contract, as to the $205 note sued on by plaintiff, was executory. As to its other details, it was executed. Both parts must receive our consideration. The infant defendant's executory contract was voidable by him at any time until he affirmed it. (*International Text Book Co.* v. *Connelly,* 206 N. Y. 188.) The burden rested upon plaintiff to prove that defendant ratified the executory part of the contract after he became twenty-one years of age. (*Saxe* v. *Neil,* 221 App. Div. 492, 493; *Walsh* v. *Powers,* 43 N. Y. 23.) The record contains no proof of such ratification, and the verdict disallowing plaintiff's claim on the note was correct.

As to the executed provisions of the contract, a failure by defendant to disaffirm within a reasonable time after reaching his majority would operate as a ratification. (*Parsons* v. *Teller,* 188 N. Y. 318, 326.) To acquire the right to recover back what he had paid, defendant was obligated, not only to duly disaffirm the contract, but to return or to proffer to plaintiff the automobile still in his possession. (*Rice* v. *Butler,* 160 N. Y. 578; *Myers* v. *Hurley Motor Co.,* 273 U. S. 18.) This he did not do at any time. The learned trial court permitted the jury to find that defendant had disaffirmed before he became twenty-one. As before stated, this was error, because there is no evidence of such disaffirmance. The jury was also allowed to find that after reaching his majority defendant had not only duly disaffirmed the contract as to its executed provisions, but had returned or offered to return the automobile, and that, therefore, he could recover upon his counterclaim. The facts as to this are that defendant became of age August 3, 1928, and served his answer (which was an act of disaffirmance, *Wyatt* v. *Lortscher,* 217 App. Div. 224, 227) on January 4, 1929, about five months after reaching his majority. But there was no proof that — in addition to disaffirming — defendant had also met the

obligation equitably resting upon him to return or tender back the property he had received from plaintiff; therefore, the affirmative verdict in defendant's favor, being entirely lacking in supporting evidence in the essential mentioned, cannot be sustained.

The declination to charge upon request that the jury should be permitted to find a verdict of no cause of action was erroneous, for the reasons above stated.

The judgment appealed from should be reversed on the law and the complaint and counterclaim dismissed, without costs, and without prejudice as to any other action or proceeding which to either party may hereafter seem advisable.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Judgment reversed on the law, without costs of this appeal to either party, and complaint and counterclaim dismissed, without costs, and without prejudice to any other action or proceeding which to either party may seem hereafter advisable.