Irving Sternlieb, Appellant, *v.* Normandie National Securities Corporation, Respondent.

First Department, June 2, 1933.

*Emanuel Redfield* of counsel [*Dwyer & Redfield,* attorneys], for the appellant.

*Frank L. Miller* of counsel [*Aaron H. Marx* with him on the brief; *Godfrey & Marx,* attorneys], for the respondent.

Merrell, J. Plaintiff brought this action in the Municipal Court to recover the sum of $990, the purchase price paid by plaintiff, an infant then under twenty-one years of age, for five shares of the capital stock of the Bank of United States and of the Bankus Corporation, designated as and by certificate No. 063072, and for which plaintiff paid defendant $198 per share, or, in the aggregate, the sum of $990. In his complaint the plaintiff alleges the incorporation of the defendant under the laws of the State of Delaware and that said defendant was duly authorized by the laws of the State of New York to transact business here. Plaintiff alleges that on the 14th day of September, 1932, he notified the defendant that he rescinded his said purchase, and tendered back and returned to the defendant the said five shares of stock, demanding the repayment by defendant to plaintiff of the said sum of $198 per share.

As a separate and distinct defense to plaintiff's cause of action the defendant alleges that plaintiff, in order to induce defendant to purchase and sell stocks, bonds and securities and to open an account for him and to extend credit to him when necessary in making purchases and sales of stock for his account and risk, falsely and fraudulently represented and warranted to defendant that he, the plaintiff, was over twenty-one years of age; that the defendant, being ignorant of the falsity thereof and believing the same to be true and relying thereon, was induced to and did sell to the plaintiff certain stock. The defendant alleges that the aforesaid warranties and representations were false and untrue and were made with the intention of deceiving and defrauding defendant solely for the purpose of inducing the defendant to believe that plaintiff had legal capacity to enter into agreements for the purchase and sale of stocks.

Plaintiff then moved at the Municipal Court upon the pleadings for an order striking out the separate and distinct defense in the answer of the defendant on the ground that it appeared on the face thereof that the defense, consisting of new matter, was insufficient in law. Plaintiff's motion was denied by the Municipal Court, and, on appeal to the Appellate Term, the order of the Municipal Court was affirmed and leave granted by the Appellate Term to appeal to the Appellate Division from its said order of affirmance.

We are of the opinion that the matter alleged in the affirmative defense contained in the answer of said defendant was insufficient to constitute any defense to plaintiff's cause of action, and that the Municipal Court erred in denying the plaintiff's motion to strike out the same for insufficiency. It has long been the policy of our courts to relieve infants of contracts entered into by them prior to becoming of age. So long ago as the decision of Conroe v. Birdsall (reported in 1 Johns. Cas. 127), the court upheld the policy to protect infants from their improvident acts during infancy, and, moreover, to excuse infants for wrongs connected with contracts entered into during their immaturity. In Conroe v. Birdsall (supra) the court stated: " Attempts to shake principles which have been sanctioned by the practice of ages ought to be well considered before they receive the countenance of a court of justice. If an allegation like the present were ever permitted to destroy an infant's right of avoiding contracts, not one in a hundred of his contracts would be placed in his power to avoid, for nothing would be easier than to prevail upon the infant to make a declaration which might be shown as evidence of deliberate imposition on his part, though prompted solely by the person intended to be benefited by it."

The allegation in the answer herein was that the infant, in inducing the defendant to enter into the contract for the sale of the shares

of stock in question, fraudulently represented that he was of full age. The question presented is whether, by reason of such representation the plaintiff has estopped himself from taking advantage of the well-settled principles of law relieving him from his contract made during infancy. Assuming the truth of the allegations of the defendant's answer, should the infant be denied relief in the present action? We are of the opinion that it should be the policy of our courts to protect the infant and not open the door to those seeking to deal with him when under age. It has been held by our Court of Appeals and by the United States Supreme Court that a misrepresentation by an infant that he is over age is not a good defense. In *International Text Book Co.* v. *Connelly* (206 N. Y. 188) an action was brought against an infant on contract, and the Court of Appeals held that the infant could not be estopped from disaffirming the contract on reaching majority because of the misrepresentation made by him as to his age when the contract was entered into. The Court of Appeals stated in that case: " It is well settled in this State that in an action upon a contract made by an infant, he is not estopped from pleading his infancy by any representation as to his age made by him to induce another person to contract with him."

While in that case the infant was defending the action, there is no difference in principle in the present action where the infant, as plaintiff, is seeking to recover moneys paid by him to the defendant. The whole policy of the law is to avoid infants' contracts and to prevent adults from taking advantage of infants. The law seeks to protect infants from the weaknesses of their immature age, and such weakness is presumed in law. The law seeks to protect persons under twenty-one years of age. The same protection is given to the feeble-minded and the insane. Judge VANN, in writing for the Court of Appeals in *International Text Book Co.* v. *Connelly* (*supra*), said: " To hold otherwise would in many cases deprive infants of the protection extended to them at an age when the mind and judgment are conclusively presumed to be immature and they need to be shielded from their own imprudence and folly. It would virtually overthrow the law upon the subject as it has existed for time out of mind."

It, therefore, would seem that the declarations of the infant plaintiff in this case that he was of age and had capacity to contract, were of no more binding effect to estop him from suing than was his incapacity. If he had no capacity to contract, then he had no capacity to declare that he was of age and had capacity to contract. In both cases he is protected from acts of his immaturity.

The respondent herein contends that, while ordinarily an infant is to be relieved from his contracts, here the allegation of the answer is that the infant was guilty of a tort, to wit, of fraudulent representations which induced the defendant to sell to him the stock in question. The respondent, in its brief on this appeal, cites several decisions to the effect that an infant is liable for his torts, and cases are cited where infants have been held liable for torts arising out of a matter inducing a contract. The basis of these decisions upon which the respondent relies is that the infant is always to be held liable for his torts. A leading case upon which the respondent relies is that of *Falk* v. *MacMasters* (197 App. Div. 357). In that case the Appellate Division, Second Department, held that where the infant repudiated a margin account and sued to recover money deposited by him with the defendant for such account, and where the defendant in that case set up a defense similar to the one in the case at bar, the defense was good. This was apparently upon the basis that the infant was to be held for his torts. The court held that inasmuch as an infant could be held liable for his torts, a defense based on tort would be good. However, the Appellate Division, Second Department, failed to distinguish between torts generally and torts arising out of contracts. If an infant be not liable for his tort arising out of contract, then the analogy in the case of *Falk* v. *MacMasters* fails.

The United States Supreme Court passed upon the same question in *Sims* v. *Everhardt* (102 U. S. 300), which decision was later reaffirmed in *Myers* v. *Hurley Motor Co.* (273 U. S. 18). In the *Sims* case the United States court, among other things, had this to say: " An estoppel *in pais* is not applicable to infants, and a fraudulent representation of capacity cannot be an equivalent for actual capacity. * * * A conveyance by an infant is an assertion of his right to convey. A contemporaneous declaration of his right or of his age adds nothing to what is implied in his deed. An assertion of an estoppel against him is but a claim that he has assented or contracted. But he can no more do that effectively than he can make the contract alleged to be confirmed." The courts have drawn the distinction between torts generally and torts arising out of contract. As was said in *Collins* v. *Gifford* (203 N. Y. 465): " ' The test of an action against an infant is whether a liability can be made out without taking notice of the contract.' " In *Collins* v. *Gifford* the plaintiff bought a horse from the defendant who was under age. The infant warranted the horse to be free from all diseases. This was not true. The plaintiff did not sue for breach of warranty, but sued in tort for misrepresentation of the soundness of the horse.

The court held that the pleading of the plaintiff was bad, stating: " For his torts generally, where they have no basis in any contract relation, an infant is liable just as any other person would be; but the doctrine is equally well settled that ' a matter arising *ex contractu*, though infected with fraud, cannot be changed into a *tort*, in order to charge the *infant* by a change of the remedy.' " In 2 Kent's Commentaries on American Law (at pp. 240 and 241) the learned writer had this to say: " But there are many hard cases in which the infant cannot be held bound by his contracts, though made in fraud; for infants would lose all protection if they were to be bound by their contracts made by improper artifices, in the heedlessness of youth, before they had learned the value of character, and the just obligation of moral duties. When an infant had fraudulently represented himself to be of age when he gave a bond, it was held that the bond was void at law." (Citing *Conroe* v. *Birdsall, supra.*) Chancellor KENT continues, further (Vol. 2, p. 241), as follows: " Infants are liable in actions arising *ex delicto*, whether founded on positive wrongs, as trespass or assault, or constructive torts or frauds. [Citing cases.] But the fraudulent act, to charge him, must be wholly tortious; and a matter arising *ex contractu*, though infected with fraud, cannot be changed into a tort in order to charge the infant in trover or case, by a change in the form of the action."

A recent case involving the same principle arose in Great Britain (*Leslie, Ltd.,* v. *Sheill*, [1914] 3 K. B. 607). In that case the infant obtained a loan from the plaintiff upon his representation that he was of full age. The plaintiff did not sue on contract, realizing, undoubtedly, that he could not recover on contract against the infant, but sued in deceit. The English court held that the plaintiff could not change the form of the action from contract to tort and thereby defeat the protection accorded to the infant. Also, in *Slayton* v. *Barry* (175 Mass. 513) plaintiff brought action against an infant in deceit and fraud on the ground that the plaintiff was induced to sell and deliver certain goods to the infant upon the latter's representation that he was of full age. The Massachusetts court held that there could be no recovery by weight of authority; that there could be no recovery on the contract; and that the fraud relied on was a part of the contract and could not be established without proving the contract; and that, therefore, the action was really *ex contractu*, the fraud put into another form.

We are, therefore, of the opinion that the law is well established that the defense attempted to be interposed by the defendant is unavailable to it.

The order of the Municipal Court and the determination of the

Appellate Term affirming the same should be reversed and plaintiff's motion granted, with costs to the plaintiff, appellant, against the defendant, respondent, in all courts.

FINCH, P. J., SHERMAN and TOWNLEY, JJ., concur; O'MALLEY, J., dissents.

Determination of the Appellate Term and order of the Municipal Court reversed, with twenty dollars costs and disbursements to the appellant in this court, and ten dollars costs at the Appellate Term, and motion granted, with ten dollars costs.