ELIZABETH HOOK, Plaintiff, v. HARMON NATIONAL REAL ESTATE CORPORATION, Defendant.*

City Court of New York, Trial Term, Kings County, April 18, 1936.

---

* Revd., App. Term, Second Dept., N. Y. L. J. Nov. 14, 1936, p. 1683; order of App. Term revd. and judgment of City Court affd., 250 App. Div. 689.

*Michael Steinberg*, for the plaintiff.

*Isaac Roth*, for the defendant.

GALLAGHER, J.   An infant's executory contract for the purchase of real property from defendant is here involved.   When plaintiff, as vendee, signed the contract, she was seventeen years old and now, at the age of twenty-three, sues to recover the $1,080 she paid under it.   The controversy has been submitted to the court for decision without a jury and without testimony, on an informal, agreed statement of facts which eliminates all but one of the issues the pleadings purport to raise.   The salient facts are susceptible of brief statement and their recital will not only clearly indicate the question involved but will to a great extent supply the answer.

Plaintiff was born February 20, 1913, attaining her majority on February 20, 1934; the contract was signed on April 11, 1930; the property is unimproved land situated in Nassau county; the purchase price was $1,980, payable $100 down and the balance in equal monthly installments of twenty dollars, possession and a deed were to be given only upon payment of the final installment; the down payment and forty-nine successive installments were paid, in all $1,080, and then plaintiff ceased paying; of the total paid $1,000 was paid during plaintiff's infancy; the eighty dollars paid thereafter consisted of four twenty-dollar installments, paid February 23, March 13, April 16, and May 14, 1934, respectively, the first of these being paid three days after plaintiff's twenty-first birthday and the last less than three months after that event; from May 14, 1934, to January 8, 1936, when plaintiff definitely disaffirmed the contract and demanded the return of her money, she received no communication or protest from defendant and sent no communication to defendant, so far as the evidence shows; at no time did plaintiff expressly confirm the contract; she did not occupy the land or exercise any control over it or receive a deed of it; defendant having refused to refund the money, plaintiff commenced this action to recover it on January 17, 1936.

Plaintiff is entitled to recover unless the payment of the eighty dollars after she became of age operated as a ratification of the contract and precluded her from later disaffirming it.   This is

the sole issue in the case and the burden of proving it is upon defendant who has properly tendered the issue by pleading it as an affirmative defense. (*International Text Book Co.* v. *Connelly,* 206 N. Y. 188; *Saxe* v. *Neil,* 221 App. Div. 492; *Walsh* v. *Powers,* 43 N. Y. 23; *Washington Street Garage* v. *Maloy,* 230 App. Div. 266.)

Plaintiff received no profit or benefit from the transaction and had nothing to return to defendant or account for as a condition of disaffirmance. (*Rice* v. *Butler,* 160 N. Y. 578; *Whitman* v. *Home Guardian Co.,* 135 Misc. 598.) Disaffirmance of an executory contract, such as the one in suit, is timely if made within the statutory period of limitations after full age. Mere acquiescence after arriving at full age for any period short of that is not ratification. (*Sternlieb* v. *Normandie .Nat. Sec. Co.,* 263 N. Y. 245, 248.) Defendant concedes that the four payments after plaintiff's majority do not constitute ratification as. matter of law but contends they furnish the basis for a factual inference of ratification and that, as there is no other evidence in the case to offset this inference, ratification has been proved and defendant is entitled to the judgment. Reliance is placed upon *International Text Book Co.* v. *Connelly* (206 N. Y. 188) or rather upon the statement in the opinion in that case that payment after full age is some evidence of intention to ratify. It was there held, however, that the trial court properly dismissed the complaint because of the plaintiff's failure to prove any fact to avoid the effect of the defendant's infancy other than the fact that three and one-half months after he became of age he paid an installment called for by the contract. The plaintiff had there agreed to furnish the infant defendant instruction by correspondence to be paid for in partial payments. The opinion emphasizes the necessity for one claiming ratification to furnish convincing proof of intention to ratify and shows that if the act relied upon as proof of such intention is susceptible of some other inference as well as that of intention to ratify, the proof is insufficient. As an indication of a different inference the court said (at p. 199): " He [the infant] wrote nothing, said nothing and did nothing which bore on the question of intention, except to make one payment, which may have been owing to his sense of honor or gratitude on account of the instruction received while under age."

By the time plaintiff in the case at bar reached her majority the paying of the monthly installments had doubtless become with her a matter of habit and routine. During infancy she paid forty-five consecutive installments and four thereafter. It is not unreasonable to infer that in paying the four she was merely continuing the routine and had no thought of the legal effect of her

twenty-first birthday which had been celebrated three days before she paid the first of the four installments. To say she intended by these payments to confirm a voidable contract is to attribute to her a perspicuity and precociousness not warranted by anything in the evidence. Following the payments she defaulted on a score of installments before definitely disaffirming the contract, but this lapse evoked from defendant no protest, comment or action, although defendant now claims the defaults constituted a breach of a ratified contract. Defendant's silence during these twenty months seems to indicate that defendant had not taken the four payments as notice of plaintiff's intention to confirm the contract and may have viewed the default as an implied disaffirmance.

Defendant contends that the basic fact essential to its defense, viz., plaintiff's intention to confirm the contract, has been established by the evidence of the payment of the four installments after the termination of the infancy. Since other inferences as well as the inference of such intention may reasonably be drawn from the payments, the burden resting upon defendant of proving the intention has not been sustained. " Insufficient evidence is, in the eye of the law, no evidence." (*Matter of Case*, 214 N. Y. 199, 203.) The following was quoted with approval in *Pollock* v. *Pollock* (71 N. Y. 137, 153) and in *Fealey* v. *Bull* (163 id. 397, 402) and is applicable to the evidence relied upon by defendant in the case at bar: " When we say that there is no evidence to go to a jury, we do not mean literally none; but that there is none that ought reasonably to satisfy a jury, that the fact sought to be proved is established."

The protection which the courts are obliged to give infants by the well-settled law of this State would not be afforded this plaintiff if her right to disaffirm the purely executory contract here involved, from which she derived no benefit, were denied her on a conjectural inference such as the one defendant relies upon. It was recently declared that " it should be the policy of our courts to protect the infant and not open the door to those seeking to deal with him when under age. * * * The whole policy of the law is to avoid infants' contracts and to prevent adults from taking advantage of infants." (*Sternlieb* v. *Normandie Nat. Securities Co.*, 238 App. Div. 349, 351; affd., 263 N. Y. 245.)

Aside from this policy, this court has no hesitation in finding in favor of plaintiff, since defendant has failed to establish its affirmative defense by a fair preponderance of the evidence. Judgment may be entered for plaintiff for $1,080 and interest, findings having been waived. Defendant is granted an exception, ten days' stay and thirty days to make a case. The exhibits are with the clerk.